■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL W. McGUIRE, Appellant. — Harvey, J. Appeal from a judgment of the County Court of Tompkins County (Barrett, J.), rendered August 26, 1983, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the second degree.

Based upon information contained in an authorized wiretap, the police obtained and executed a search warrant of defendant's residence. A large quantity of drugs, including marihuana and cocaine and drug paraphernalia were seized. Thereafter, defendant was indicted on charges of criminal possession of a controlled substance in the first degree and criminal possession of marihuana in the third degree. Defendant pleaded not guilty and demanded suppression of the eavesdropping tapes and the physical evidence seized pursuant to the search warrant. After a hearing, County Court granted suppression of the tapes but denied suppression of the evidence seized in the execution of the search warrant. Thereafter, as a result of plea bargaining, defendant pleaded guilty to a reduced charge of criminal possession of a controlled substance in the second degree in satisfaction of the indictment. He was sentenced to a term of three years to life in prison from which he now appeals.

It is undisputed that the search warrant was issued because of information obtained from the wiretaps. It is also undisputed that the police did not seal the tapes as required by law. County Court, therefore, properly granted defendant's motion to suppress the tapes (*People v Basilicato,* 64 NY2d 103). Defendant contends that the failure to comply with CPL 700.50 (2) tainted the search warrant to the extent that the evidence obtained pursuant to the search should also have been suppressed. We disagree. That statute imposes a duty on investigating authorities to seal, under the direction of the issuing Judge, tape recordings of communications made pursuant to an eavesdrop-

ping warrant "[i]mmediately upon the expiration of the period of an eavesdropping warrant" (CPL 700.50 [2]). The warrants expired on March 29, 1982 and April 19, 1982. The search warrant was issued and executed on March 25, 1982. At that time, the investigating authorities were in compliance with the law and the violation which occurred later had no effect upon the information placed before the issuing Judge in the application for the search warrant.

Defendant also challenges the decision of County Court to deny him a hearing on the issue of the alleged bad faith of the District Attorney in carrying out a promise made during plea bargaining. The record reveals that the District Attorney stated in open court that he would recommend a sentence of lifetime probation if defendant would offer substantial assistance to the efforts of the police in investigating drug traffic in Tompkins County. Defendant, thereafter, submitted to an interview which, according to the District Attorney, revealed nothing more than common information already known by the police and insufficient to bring about any breakthrough. Consequently, the prosecutor refused to recommend probation. Defendant contends that he answered all questions to the best of his knowledge. County Court denied defendant a hearing because he had not come forward with any information which would have created any factual issue for resolution at a hearing.

Inherent in this plea bargaining, we conclude, must have been a representation on the part of defendant that he could supply the police with information which would substantially assist the investigation, arrest and prosecution of persons involved in drug trafficking. It is unbelievable that a prosecutor would agree to recommend probation for so serious a crime without any prospect of worthwhile information (*see, People v Lofton,* 81 Misc 2d 572, 575-576). This appears clear by the comments made by the District Attorney when he made two different promises. The first was that he would recommend the minimum prison sentence in the event defendant cooperated with the police. The second promise was that in the event defendant gave *substantial* assistance, he would recommend lifetime probation. Defendant's affidavit in support of his application for a hearing does not set forth any facts indicating substantial assistance on his part. Consequently, no issue of fact was created to necessitate resolution by a hearing (*supra,* p 577).

We have examined defendant's remaining contentions, regarding other errors with respect to the application of the rules set forth in CPL article 700 to this case, and find them to be without merit.

Judgment affirmed. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.