■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALVATORE PISTONE, Appellant.—Appeal by the defendant from a judgment of the County Court, Orange County (Charde, J.), rendered July 30, 1986, convicting him of criminal sale of a controlled substance in the second degree, upon his plea of guilty, and sentencing him to a indeterminate term of five-years-to-life imprisonment.

Ordered that the judgment is modified, on the law, by

vacating the sentence imposed; as so modified, the judgment is affirmed and the matter is remitted to the County Court, Orange County for (1) a hearing to specifically determine whether the State Police were of the view that the defendant had materially complied and cooperated with them on drug investigations and (2) resentencing of the defendant based on that determination.

The defendant was indicted for several crimes relating to the sale and possession of a controlled substance. Thereafter, the defendant and the People completed a plea bargain. As part of the plea bargain, the People agreed that (1) based on the plea, the range of sentence would be from "a minimum of three to life, to a maximum of eight and a third to life" and (2) they would recommend a sentence of three years to life if the "subjective determination" of the State Police was that the defendant materially complied and cooperated with them on drug investigations.

Prior to sentencing, New York State Police Investigator Duffy, with whom the defendant was working, prepared a "list of activities" that the defendant had engaged in, "acting as a cooperating individual with the N.Y.S.P."

At sentencing, the defendant's counsel alerted the court that he had spoken to Duffy and was advised by the latter that the defendant had cooperated "two hundred percent" with the State Police. In opposition, the People argued that (1) the promise of three years to life was conditioned on the State Police being satisfied that the defendant actually delivered those "quality dealers that he claimed he could deliver" and (2) the defendant had not so delivered. The sentencing court accepted the People's version of the plea bargain, and sentenced the defendant to a term of five years to life.

We disagree with the sentencing court's determination. The on-the-record plea bargain indicates that a sentence of three years to life would be imposed upon the defendant if the State Police, in their subjective determination, were of the view that the defendant materially complied and cooperated with them on drug investigations. There is nothing on the plea bargain record which obligated the defendant to deliver so-called "quality dealers" or actually produce controlled buys and sales resulting in arrests. Nevertheless, the record is insufficient to determine whether the State Police, in their subjective determination, were of the view that the defendant materially complied and cooperated with them on drug investigations. Accordingly, the defendant's sentence must be vacated and a hearing on this issue conducted (see, People v Selikoff, 35

NY2d 227, 239; *Matter of Chaipis v State Liq. Auth.,* 44 NY2d 57; *People v McConnell,* 49 NY2d 340). After a resolution of this issue, the defendant should be appropriately resentenced. Mangano, J. P., Weinstein, Kooper and Balletta, JJ., concur.