■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK JENKINS, Appellant.—Judgment, Supreme Court, New York County (Martin Rettinger, J.), rendered October 31, 1989, convicting defendant, on his plea of guilty, of criminal sale of a controlled substance in the fourth degree, and sentencing him to an indeterminate term of imprisonment of 3 to 6 years, unanimously affirmed.

At the sentencing, defendant made a motion to withdraw his guilty plea, alleging that he was improperly allocuted, that he was entitled to a jury trial, and that he was "railroaded" into pleading guilty by his lawyer. The court denied the motion.

A review of the record shows that defendant's plea was voluntary; that the defendant knowingly waived his right to a jury; that he admitted committing acts satisfying all of the elements of the crime with which he was charged; and that his lawyer negotiated an advantageous plea bargain, especially in lieu of his prior convictions. Further, the sentencing court inquired into the defendant's reasons for requesting that his plea be withdrawn, and properly denied the motion without a formal hearing, as the record clearly establishes that the defendant was aware of the consequences of the plea, that he was not coerced into pleading guilty, and that he committed the acts which formed the basis of the crime *(People v Torres,* 96 AD2d 604).

Moreover, where there is nothing to demonstrate any merit to defendant's request to withdraw the plea based on counsel's alleged coercion, the court is not obliged to appoint new counsel *(People v Tollinchi,* 157 AD2d 495). Here, counsel negotiated a favorable plea bargain and the minutes at plea do not support defendant's claim of coercion. Concur—Murphy, P. J., Milonas, Ellerin, Kassal and Smith, JJ.