■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TROY EMANUEL, Appellant

Defendant argues he did not enter a knowing, voluntary and intelligent plea. The plea minutes indicate otherwise. Defendant, who acknowledged having had ample time to discuss his case with counsel, waived specific constitutional rights (e.g., his rights to a jury trial, to remain silent and to

cross-examine adverse witnesses), and gave an unequivocal affirmative response to the court's inquiry whether he had engaged in "sexual intercourse" with the complainant by means of "forcible compulsion". This record establishes defendant was aware of the consequences of the plea, that he was not coerced into pleading guilty, and that he committed the acts which formed the basis of the crime (see, People v Jenkins, 176 AD2d 597). The fact that defendant, earlier in the plea, had made vague statements suggesting that the encounter was consensual—a claim defendant apparently voluntarily abandoned without any evidence of coercion by the court or prosecutor—does not invalidate the plea accepted on the basis of his subsequent acknowledgment of guilt. There is no evidence in the record to suggest that defendant did not understand the term "forcible compulsion", as he now argues, and indeed, the court expressly invited defendant at the plea to "feel free" to consult with his attorney at any time during the allocution. It was not error to deny defendant's oral motion to withdraw his plea given his failure to provide any particulars in support of his allegations of coercion and innocence (see, People v Jenkins supra). Finally, defendant's claim that the sentence is excessive is without merit. The probation report indicates defendant raped the complainant after she had lost consciousness as a result of his punching her and choking her with a wire. Inasmuch as defendant faced a maximum potential prison term of from 8⅓ to 25 years as a class B violent felony offender (see, Penal Law § 70.02), the sentence ultimately imposed did not constitute an abuse of discretion (see generally, People v Junco, 43 AD2d 266, affd 35 NY2d 419, cert denied 421 US 951). Concur—Ellerin, J. P., Kupferman, Ross and Smith, JJ.