■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY ANTONIO LOPEZ ORTIZ, Appellant.—Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered February 21, 1990, convicting defendant, upon his plea of guilty, of two counts of criminal sale of a controlled substance in the second degree, and sentencing him to consecutive terms of imprisonment of from 5 years to life, unanimously affirmed.

The record shows that the terms of the plea bargain were clearly stated, and that defendant, with the advice of counsel, repeatedly answered that he understood it. The People recommended, and defendant received, the promised sentence following the required allocution at the plea (see, People v Emanuel, 179 AD2d 356; People v Jenkins, 176 AD2d 597). Defendant's argument that there should have been a hearing to determine the extent of his cooperation is unpreserved, and, in any event, is without merit, there being no evidence that the information he provided was of any use (compare, People v Pistone, 143 AD2d 852). Nor does the record support defendant's contention that the court was deprived of the benefit of

presentence report. Rather, defendant was liberally permitted to correct any alleged inaccuracies therein. Nor did defendant ever move to set aside the sentence upon the grounds now raised (CPL 440.10 [1] [b]; 440.20; *People v Pellegrino,* 60 NY2d 636, 637). Indeed, not one substantive issue raised on appeal was ever urged during trial.

Concerning the sentence, it was not an abuse of discretion to give defendant a greater sentence than a co-consipirator, since defendant, as supplier, played a more central role in the conspiracy. While defendant had no prior criminal record, he also had no history of work. We are unpersuaded that the sentence imposed was unduly harsh or severe, taking into account, "among other things, the crime charged * * * and the purpose of a penal sanction" *(People v Farrar,* 52 NY2d 302, 305). Concur—Sullivan, J. P., Kupferman, Ross, Smith and Rubin, JJ.