■ In the Matter of the Arbitration between ALLCITY INSURANCE COMPANY, Sued as EMPIRE INSURANCE COMPANY, Appellant, and MARY ANN THOMPSON et al., Respondents. [618 NYS2d 1009] —Order, Supreme Court, New York County (Robert D. Lippman J.), entered March 31, 1994, which dismissed the within petition for a permanent stay of arbitration of an uninsured motorist claim by respondent Thompson, unanimously affirmed, without costs.

Petitioner's claim that the offending vehicle was insured at the time of the 1991 accident has not been sufficiently established by the documentary and testimonial evidence offered on its behalf (see, Matter of State Farm Mut. Auto. Ins. Co. v Yeglinski, 79 AD2d 1029). Concur—Wallach, J. P., Kupferman, Ross, Asch and Rubin, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANONYMOUS, Appellant. [618 NYS2d 1009] —Judgment, Supreme Court, New York County (Juanita Bing Newton, J.), rendered December 18, 1989, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the first degree, and sentencing him, as a second felony offender, to 15 years to life, unanimously affirmed.

The debriefing agreement between the parties stated that the People were to be the sole judge of whether defendant's cooperation warranted a reduced sentence. Absent factual support for defendant's claim that he was being truthful in his debriefing sessions with the prosecutors, it cannot be said that the sentencing court abused its discretion in denying defendant's motion to withdraw his plea without conducting a hearing on why the prosecutors had concluded otherwise (see, People v Ortiz, 180 AD2d 429; People v Auslander, 169 AD2d 853; People v McGuire, 109 AD2d 921, 922). Concur—Wallach, J. P., Kupferman, Ross, Asch and Rubin, JJ.