■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK BLAIR, Appellant. [667 NYS2d 698] —Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered September 7, 1993, convicting defendant, upon his plea of guilty, of two counts of attempted criminal sale of a controlled substance in the third degree, and sentencing him to consecutive terms of 4 to 12 years, and order, same court and Justice, entered on or about March 21, 1997, denying defendant's CPL 440.10 motion to vacate the judgment of conviction, unanimously affirmed.

The court properly denied, without a hearing, defendant's applications to withdraw the guilty plea and to have new counsel assigned as well as his CPL 440.10 motion raising similar issues. The transcripts of the plea allocution clearly show that the court was very thorough in ascertaining that defendant understood the terms of the cooperation agreement, that he had discussed the agreement extensively with counsel (as well as with the Assistant District Attorney), that he was aware of the negative consequences that would result from a failure to abide by the agreement and that no one had forced or threatened him to enter into the plea agreement. Defendant's claim that his highly favorable plea agreement, providing for a non-incarceratory sentence in return for truthful testimony, was somehow "coerced" by his counsel is patently meritless. Therefore, no conflict was created requiring substitution of counsel (*People v Castro*, 242 AD2d 445; *People v Reyes*, 240 AD2d 160, *lv denied* 90 NY2d 909; *People v Jenkins*, 176 AD2d 597, *lv denied* 79 NY2d 858). Moreover, the record establishes that defense counsel effectively represented defendant following the revelation that defendant had violated the cooperation agreement.

We perceive no abuse of discretion in sentencing, and note that the degree to which the court enhanced defendant's sentence following his violation of the cooperation agreement was appropriate given that defendant not only reneged on his promise to testify, but also sent a message to a target of the investigation warning him of impending police activity.

We have reviewed defendant's remaining contentions and find them to be without merit. Concur—Milonas, J. P., Mazzarelli, Andrias and Colabella, JJ.