■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OBAFEMI SENGHOR, Also Known as AUGUST AERRELL, Appellant. [670 NYS2d 87] —Judgment, Supreme Court, New York County (Herbert Altman, J.), rendered October 12, 1995, convicting defendant, upon his plea of guilty, of robbery in the second degree, and sentencing him, as a second violent felony offender, to a term of 6 to 12 years, unanimously affirmed.

Defendant's motion to withdraw his plea was properly denied without a hearing and without appointment of new counsel. The record indicates that a favorable plea was entered after a thorough allocution, and that defendant admitted that he committed the charged acts, belying defendant's conclusory claims that his plea was induced by his prior Legal Aid attorney's coercion and that he was misinformed as to the promised sentence (*see, People v Fiumefreddo*, 82 NY2d 536; *People v Swinson*, 240 AD2d 299, *lv denied* 90 NY2d 911). Defendant was afforded a reasonable opportunity to present his claims in written submissions and statements made to the court and no further inquiry was necessary. The court properly rejected the suggestion, made by the Legal Aid attorney who represented defendant at sentencing, that defendant's claim of "coercion" by the prior Legal Aid attorney created a conflict of interest.

The conclusory and patently meritless nature of defendant's claim, namely that he was misinformed about "the time I would get" was flatly contradicted by the plea minutes, and he made no other showing of "coercion" by prior counsel. This, taken together with defendant's long experience with the criminal justice system, rendered further proceedings and appointment of new counsel unnecessary (*People v Blair*, 246 AD2d 308; *People v Jenkins*, 176 AD2d 597, *lv denied* 79 NY2d 858). Concur—Ellerin, J. P., Wallach, Rubin, Andrias and Saxe, JJ.