■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANONYMOUS, Appellant. [671 NYS2d 254] —Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered September 30, 1994, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree, and sentencing him, as a second violent felony offender, to a term of 3 to 6 years, unanimously affirmed.

Defendant's contention that the court erred in failing to conduct a hearing to determine whether his cooperation had been sufficient, under the terms of the agreement, to require specific performance of the People's promise of leniency, was not preserved for appellate review, since defendant neither requested such a hearing nor moved to withdraw his plea of guilty (*see, People v Messina*, 131 AD2d 788). Were we to review this claim, we would find it to be without merit. Based on the single violation of failing to appear for a scheduled court date, the court was entitled, under the agreement, to impose an enhanced sentence (*see, People v Yu*, 204 AD2d 129, *lv denied* 84 NY2d 835). Moreover, a hearing to determine the extent of defendant's cooperation would have served no purpose, "there being no evidence that the information he provided was of any use" (*People v Ortiz*, 180 AD2d 429). The defense offered no factual support for its contention that defendant's efforts provided potentially useful investigative information (*see*,

---

* Two of these prior felony convictions served as the basis for sentencing as a persistent felony offender.

*People v Anonymous*, 208 AD2d 426, *lv denied* 84 NY2d 1008; *see also, People v Anonymous*, 219 AD2d 525, *lv denied* 87 NY2d 844). The agreement and the accompanying colloquy made defendant's obligations clear.

We perceive no abuse of sentencing discretion. Concur—Milonas, J. P., Ellerin, Tom, Mazzarelli and Saxe, JJ.