(December 16, 2004)

■ The People of the State of New York, Respondent, v Mark E. Marshall, Appellant. [786 NYS2d 266]—

Kane, J. Appeal from a judgment of the County Court of Saratoga County (Scarano, Jr., J.), rendered July 9, 1999, convicting defendant upon his plea of guilty of the crime of criminal contempt in the second degree.

Defendant was charged in a prosecutor's information with three counts of the crime of criminal contempt in the second

degree after he violated an existing order of protection prohibiting him from contacting a certain individual. Defendant pleaded guilty to one count in full satisfaction thereof and, as part of the plea agreement, executed a written waiver of his right to appeal. At sentencing, defendant made an oral motion to withdraw his guilty plea on the ground that the underlying order of protection was invalid as a matter of law. County Court denied the motion and sentenced defendant, in accordance with the plea agreement, to time served and three years of probation. Defendant now appeals.

We affirm. County Court did not abuse its discretion when it denied defendant's motion to withdraw his guilty plea based upon the fact that the underlying order of protection was invalid (*see* CPL 220.60 [3]; *People v Alexander*, 97 NY2d 482, 485 [2002]). The question of whether to permit a defendant to withdraw a guilty plea is a matter within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion (*see People v Vinals*, 2 AD3d 1210, 1210 [2003]). In support of his motion, defendant asserts that he pleaded guilty at a time when defense counsel was not fully aware of the facts and circumstances underlying the criminal charges and, upon further review, it was discovered that the underlying order of protection was invalid. However, during plea allocution, County Court discussed the charges, the plea agreement and sentencing and defendant indicated that he understood the rights that he was waiving as a result of his plea.

Next, we reject defendant's contention that his argument survives his guilty plea. Having pleaded guilty to criminal contempt in the second degree, defendant forfeited his right to argue that his conviction should be reversed and the prosecutor's information dismissed on the ground that the order of protection was invalid as a matter of law (*see People v Konieczny*, 2 NY3d 569, 577 [2004]). Defendant's claim that the underlying order of protection was fatally flawed does not implicate the jurisdiction of courts and therefore does not survive his guilty plea (*see id.*).

We further reject defendant's claim that the prosecutor's information and his plea allocution were jurisdictionally defective because they failed to establish that defendant's conduct was not made in a case " 'involving or growing out of labor disputes' as defined by Judiciary Law § 753-a (2)" (*People v D'Angelo*, 98 NY2d 733, 734-735 [2002]). The prosecutor's information alleged every material element of the crime charged and defendant pleaded guilty to each element.

Crew III, J.P., Peters, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed.