■ The People of the State of New York, Respondent, v Ronald Loadholt, Appellant. [798 NYS2d 13]—

Judgment, Supreme Court, New York County (Michael R. Ambrecht, J.), rendered September 25, 2003, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fifth degree, and sentencing him to a term of 2 to 4 years, unanimously affirmed.

The court properly denied defendant's motion to withdraw his plea, without appointing new counsel. Defendant's patently meritless motion, based, in part, on allegations of coercion by counsel, did not create a conflict of interest (*see e.g. People v Senghor,* 248 AD2d 299, 299-300 [1998], *lv denied* 92 NY2d 905 [1998]). Counsel did not take a position adverse to defendant, and was not ineffective by failing to argue in favor of the motion (*see People v Simpson,* 238 AD2d 193 [1997]).

Defendant's unpreserved challenge to the validity of his plea allocution does not come within the narrow exception to the preservation requirement (*see People v Toxey,* 86 NY2d 725, 726 [1995]; *People v Mackey,* 77 NY2d 846, 847 [1991]), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the record establishes the

voluntariness of the plea and that there was nothing in defendant's factual allocution that cast doubt on his guilt.

We have considered and rejected defendant's remaining claims. Concur—Mazzarelli, J.P., Friedman, Sullivan, Williams and Gonzalez, JJ.