THIRD DEPARTMENT, JULY, 2006

(July 6, 2006)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR LA PORTE, Appellant. [819 NYS2d 317]—

Kane, J. Appeal from a judgment of the County Court of Schenectady County (Hoye, J.), rendered October 15, 2003, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the first degree.

Police executing a search warrant discovered that defendant was in possession of approximately 45 pounds of cocaine. In January 2002, defendant pleaded guilty to criminal possession of a controlled substance in the first degree in satisfaction of a two-count indictment charging that crime and a lesser count. Sentencing was adjourned to allow defendant to assist the authorities with additional criminal investigations. In April 2003, defense counsel moved to withdraw, alleging a conflict of interest in that seven or eight months earlier he was retained to represent an individual who, unbeknownst to counsel at that time, was the subject of a criminal investigation with which defendant was cooperating. After defense counsel was relieved, new defense counsel moved to withdraw defendant's plea alleging that previous counsel was ineffective due to his conflicted representation and that he misled defendant by advising him that his cooperation could result in a sentence of time served. County Court denied the motion without a hearing and sentenced defendant to a prison term of 15 years to life. Defendant appeals, asserting that he should have been allowed to withdraw his plea. We disagree.

Upon review of the record, we discern no basis to conclude that County Court abused its discretion in denying defendant's

application to withdraw his guilty plea (*see People v Leonard*, 25 AD3d 925, 926 [2006]; *People v Marshall*, 13 AD3d 801, 802 [2004], *lv denied* 4 NY3d 888 [2005]). Defendant's claim of ineffective assistance of counsel is unavailing inasmuch as the record reveals that his attorney did not represent the individual against whom he was cooperating until at least eight months after defendant pleaded guilty. Consequently, defendant does not and cannot point to any facts demonstrating that " 'the conduct of his defense was in fact affected by the operation of the conflict of interest,' or that the conflict 'operated on' the representation" (*People v Ortiz*, 76 NY2d 652, 657 [1990], quoting *People v Alicea*, 61 NY2d 23, 31 [1983]; *see People v Harris*, 99 NY2d 202, 210 [2002]).

Defendant's contention that he was induced into pleading guilty by the promise of a sentence of time served is belied by the record evidence, which establishes that, prior to pleading guilty, defendant consulted with counsel and expressed his satisfaction with his services, was fully apprised of and understood his rights, ensured that he was pleading guilty of his own free will and not in exchange for any promises other than those laid out on the record, and acknowledged that, pursuant to the plea agreement, his sentence would be no greater than 16 years to life. Defendant then freely admitted his guilt and the facts underlying the crime. Significantly, although defendant alleges in his motion affidavit that counsel advised him on numerous occasions that as a result of his cooperation his sentence would be reduced to time served, defendant does not allege that counsel made such a representation to him prior to the plea. Without any allegations of such facts, County Court was not required to grant defendant a hearing on his motion. Under the circumstances, we find that defendant was afforded meaningful representation at the time of his plea and entered his guilty plea voluntarily, knowingly and intelligently (*see People v Bolden*, 14 AD3d 934, 935 [2005], *lv denied* 4 NY3d 796 [2005]).

Mercure, J.P., Peters, Spain and Rose, JJ., concur. Ordered that the judgment is affirmed.