■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES GRAHAM, JR., Appellant. [821 NYS2d 765]—

Judgment, Supreme Court, New York County (Richard D. Carruthers, J.), rendered April 8, 2005, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

After a thorough inquiry, the court properly denied defendant's motion to withdraw his guilty plea (see People v Frederick, 45 NY2d 520 [1978]). The court did not violate defendant's right to conflict-free counsel. Although defendant made a number of attacks on his counsel's performance, none of these claims had any substance. In addition to a meritless coercion claim, defendant made complaints about his counsel's alleged ineffectiveness that simply reflected defendant's misconceptions about various procedural aspects of his case. Under these circumstances, there was no conflict of interest requiring the court to appoint new counsel (see e.g. People v Cruz, 309 AD2d 508 [2003], lv denied 1 NY3d 570 [2003]; People v Senghor, 248 AD2d 299 [1998], lv denied 92 NY2d 905 [1998]; see also Hines v Miller, 318 F3d 157, 162-164 [2003], cert denied 538 US 1040

[2003]). Concur—Tom, J.P., Marlow, Sullivan, McGuire and Malone, JJ.