■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YOLANDA GRIFFIN, Appellant. [823 NYS2d 76]—Judgment, Supreme Court, New York County (Budd G. Goodman, J.), rendered April 7, 2005, convicting defendant, upon her plea of guilty, of criminal sale of a controlled substance in the third degree, and sentencing her, as a second felony offender, to a term of $4^{1}/_{2}$ to 9 years, unanimously affirmed.

Defendant's claim that the court should have conducted an inquiry as to whether she violated the terms of her plea and cooperation agreement is unpreserved (*see e.g. People v Delgado*, 14 AD3d 449 [2005], *lv denied* 4 NY3d 853 [2005]), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the court relied on the uncontested facts that defendant failed to appear in court when required, and failed to provide cooperation satisfactory to the People (*see People v Suarez*, 23 AD3d 282, 283 [2005]; *People v Anonymous*, 253 AD2d 709, 710 [1998], *lv denied* 92 NY2d 980 [1998]; *People v Anonymous*, 249 AD2d 167 [1998]).

Defendant is not entitled to the benefit of the reduced penalty contained in the Drug Law Reform Act (L 2004, ch 738), because the Legislature has manifested a clear intent to negate the amelioration doctrine of *People v Behlog* (74 NY2d 237 [1989]) with respect to the sentencing provision upon which defendant relies (*People v Utsey*, 7 NY3d 398 [2006]). Concur—Tom, J.P., Marlow, Sullivan, McGuire and Malone, JJ.