■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN CHARLOTTEN, Appellant. [843 NYS2d 697]—

Peters, J. Appeals (1) from a judgment of the County Court of

Albany County (Herrick, J.), rendered October 12, 2005, convicting defendant upon his plea of guilty of the crime of criminal contempt in the first degree, and (2) by permission, from two orders of said court, entered June 29, 2006 and October 18, 2006, which denied defendant's motions pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

In December 2004, defendant was involved in the assault of his former girlfriend. Upon his arrest, a temporary order of protection was issued in her favor, set to expire on June 25, 2005. On February 18, 2005, defendant entered a plea of guilty to assault in the third degree in full satisfaction of the pending charges. On March 14, 2005, he was sentenced to a term of incarceration of four months. Having already served that period of time, he was released; a permanent order of protection was never issued.

On March 19, 2005, defendant was arrested and charged with criminal contempt in the first degree for violating the temporary order of protection. After waiving indictment and agreeing to be prosecuted by a superior court information, he pleaded guilty to criminal contempt in the first degree in exchange for a negotiated prison sentence of 1 to 3 years and waived his right to appeal. This plea also resolved an unrelated misdemeanor in Albany City Court, as well as another incident that occurred on the day of the plea which, purportedly, could have resulted in a class E felony charge.

At sentencing, County Court found that defendant violated the plea agreement. For that reason, defendant was sentenced to a prison term of 1¹/₃ to 4 years. He now appeals directly from the judgment of conviction and from County Court's denial of his two pro se CPL 440.10 motions to vacate the judgment of conviction.

Upon direct appeal, defendant contends that his conviction should be reversed and the superior court information dismissed since the temporary order of protection, upon which his conviction is grounded, was a nullity (*see People v Konieczny*, 2 NY3d 569, 577 [2004]; *People v Marshall*, 13 AD3d 801, 802 [2004], *lv denied* 4 NY3d 888 [2005]). We agree that the temporary order of protection upon which defendant's conviction is grounded became a nullity upon the termination of the criminal proceeding on March 14, 2005, despite the June 25, 2005 expiration date set forth in the temporary order (*see People v Bleau*, 276 AD2d 131, 133 [2001]). As no permanent order of protection had been issued, there was no court order for defendant to violate. Yet, defendant's claim does not implicate the jurisdiction of the court so as to survive his guilty plea, which included

a waiver of his right to appeal (*see People v Konieczny*, 2 NY3d at 577; *People v Marshall*, 13 AD3d at 802). Moreover, defendant failed to preserve this claim by moving to withdraw the plea (*see People v Sullivan*, 37 AD3d 974, 975 n [2007], *lv denied* 8 NY3d 991 [2007]; *People v Washington*, 3 AD3d 741, 742 [2004], *lv denied* 2 NY3d 747 [2004]).

Defendant's claim of ineffective assistance of counsel, to the extent that it impacts the voluntariness of his plea, is not precluded by his waiver of the right to appeal (*see People v Baldwin*, 36 AD3d 1024, 1024 [2007]). Notably, defendant also moved, pursuant to CPL 440.10 (1), to vacate the judgment of conviction on this basis by alleging similar facts. County Court twice denied such relief without a hearing.

To prevail, defendant was required to show a reasonable probability that, but for the error of his counsel, he would not have pleaded guilty (*see People v McDonald*, 1 NY3d 109, 115 [2003]). The People concede that defense counsel was under a mistaken belief that the temporary order of protection was valid. From our review of the record, it further appears that both the People and County Court were also under such a mistaken belief. Even if, as the People assert, defense counsel negotiated a favorable plea which disposed of an unrelated misdemeanor pending in City Court, as well as an incident which could have resulted in a class E felony conviction, the record does not show that defendant knowingly entered a plea in which he admitted violating a court order which was a nullity. Thus, because defendant's showing was sufficient to have warranted a hearing on his CPL 440.10 motions with respect to his claim of ineffective assistance of counsel, we hold these appeals in abeyance and remit this matter to County Court for this purpose (*see People v Garcia*, 33 AD3d 1050, 1053 [2006], *lv denied* 9 NY3d 844 [2007]; *People v De Sarno*, 239 AD2d 74, 77 [1998]; *People v McMoore*, 203 AD2d 612, 614 [1994]).

Crew III, J.P., Spain, Lahtinen and Kane, JJ., concur. Ordered that the decision is withheld, and matters remitted to the County Court of Albany County for further proceedings not inconsistent with this Court's decision.