■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICK TROMBLEY, Appellant. [937 NYS2d 665]—

---

Spain, J.P.

When the matter was presented to the Franklin County grand jury, two felony counts of criminal contempt in the first degree were charged based upon defendant's alleged assault of Schofield, and one count of criminal contempt in the second degree, a misdemeanor, was charged based upon defendant's use and consumption of alcohol that night. Defendant waived immunity and testified on his own behalf, admitting that he had consumed alcohol that evening. Other witnesses also testified that defendant was intoxicated that evening and was seen consuming alcohol. While the grand jury dismissed the first degree felony contempt charges related to Schofield (*see* CPL 190.75 [1]), it handed up a one-count indictment charging defendant with criminal contempt in the second degree (*see* Penal Law § 215.50 [3]) for violating the 2008 order of protection[1] by possessing and consuming alcohol.

Defendant, represented by the conflict Public Defender, was

---

1. While the record also contains an order of protection dated February 6, 2009 signed by Supreme Court, Essex County in the same Family Ct Act article 10 proceeding, that order was not (as defendant asserts on appeal) the basis for the indictment at issue here.

released under supervision of probation, which the People later sought to have revoked based upon other charges pending against defendant, including his arrest in the Village of Tupper Lake, Franklin County for aggravated unlicensed operation of a motor vehicle in the second degree (hereinafter AUO) (*see* Vehicle and Traffic Law § 511 [2]). On February 22, 2010, defendant appeared with assigned counsel and, pursuant to a negotiated agreement, entered a guilty plea to the indicted contempt charge, which also satisfied the pending AUO charge. While County Court made no sentencing promises, defendant was advised of the available options. Defendant also waived his right to appeal, except with regard to constitutional issues and the sentence.

On the date scheduled for sentencing, assigned counsel informed County Court that defendant wished to retain a particular attorney, defendant briefly consulted with that attorney, who was in court, and sentencing was adjourned for that purpose. Defendant's release under supervision of probation was revoked due to his violation of the conditions attached to his release, and he was remanded to jail pending sentencing. At the rescheduled sentencing, defendant appeared again with his assigned counsel and indicated that, despite his efforts, he had not had any contact with the attorney who he had expressed an interest in retaining. The court made note of its receipt of a pro se letter from defendant, sent ex parte to the court, requesting to withdraw his plea, which the court had sent to all parties. Counsel did not join defendant's motion, but placed on the record that she had advised defendant of his right to retain substitute counsel, to represent himself and to pursue his pro se motion to withdraw his plea. When pressed by the court about his intentions, defendant indicated that he wanted to proceed to sentencing and did not request a further adjournment. The court sentenced him to 365 days in jail and issued an order of protection in favor of Schofield. Subsequently, County Court, in a lengthy decision, denied defendant's CPL 440.10 motion to vacate the judgment, without a hearing. Defendant now appeals from the judgment of conviction and, with permission, from the order denying his CPL article 440.

Initially, defendant seeks—for the first time on this appeal—to challenge the reasonableness of the conditions imposed in the 2008 order of protection, which directed that he refrain from possessing or consuming alcoholic beverages (*see* Family Ct Act § 1056 [1] [e]). The record does not reflect that defendant ever sought to vacate or modify the 2008 order of protection imposing those conditions (*see* CPL 530.12 [15]), issued by another

court in a different county (*see People v Nieves*, 2 NY3d 310, 317 [2004]), or that defendant ever appealed from that order (*see Matter of Naricia Y.*, 61 AD3d 1048, 1049 [2009]; *see also People v Nieves*, 2 NY3d at 315). Indeed, the Family Ct Act article 10 record upon which Supreme Court issued the 2008 order of protection is not provided on this appeal, which is only from the judgment entered in County Court upon defendant's guilty plea to criminal contempt in the second degree for violating that order.

Moreover, defendant forfeited any challenge to the validity of the 2008 order of protection by pleading guilty and waiving his right to appeal (*see People v Konieczny*, 2 NY3d 569, 572-573 [2004]); he also failed to preserve this claim by abandoning his motion to withdraw his plea (*see People v Charlotten*, 44 AD3d 1097, 1099 [2007]). Defendant's claim that the 2008 order of protection contained unreasonable conditions in violation of Family Ct Act § 1056, or ones which did not promote the best interests of the children in that neglect proceeding, does not implicate the jurisdiction of the courts and, thus, did not survive his guilty plea, which "generally results in a forfeiture of the right to appellate review of any nonjurisdictional defects in the proceedings" (*People v Fernandez*, 67 NY2d 686, 688 [1986]; *see People v Konieczny*, 2 NY3d at 572-574). While "rights of a constitutional dimension that go to the very heart of the process" survive a guilty plea (*People v Hansen*, 95 NY2d 227, 230 [2000]), defendant's challenges are not of constitutional dimension, despite his efforts to cast them in that light; rather, they are, at most, nonjurisdictional statutory violations (*see People v Konieczny*, 2 NY3d at 574).

The 2008 order of protection appears, on its face, to be a "valid judicial mandate" and, as such, "was entitled to the presumption of regularity for purposes of fulfilling the pleading requirements" (*People v Konieczny*, 2 NY3d at 577). While "the People would have had the burden of establishing that the [conditions in the] order of protection [were] valid" had defendant gone to trial, "because defendant pleaded guilty without creating a record on the issue . . . this Court would have to conduct a collateral review of the prior proceeding based on documents and transcripts outside the record in this case" (*People v Konieczny*, 2 NY3d at 573). In view of the foregoing, we hold that defendant may not, on this appeal, collaterally challenge the validity of the underlying 2008 order of protection or the conditions contained therein.

Next, the record on defendant's direct appeal does not support his claim that he was denied the effective assistance of

counsel, or that his guilty plea and appeal waiver were the result of such ineffectiveness. The record establishes that counsel negotiated a favorable plea deal that resolved this charge as well as the unrelated AUO charge for which defendant could have received consecutive sentencing.[2] Defendant's challenges to counsel's motion practice and discovery efforts were forfeited by his guilty plea, as a defendant who enters a plea and admits guilt "may not later seek review of claims relating to the deprivation of rights that took place before the plea was entered" (*People v Hansen*, 95 NY2d at 230). In any event, this claim lacks merit as counsel entered into a stipulation in lieu of motions providing for open file discovery, and defendant entered a guilty plea prior to the scheduled pretrial suppression hearings. Moreover, while defendant's valid waiver of appeal precludes his claims of ineffective assistance of counsel except to the extent they directly affected the voluntariness of his subsequent plea, his claims regarding counsel's pre-plea performance do not so implicate the voluntariness of his plea so as to survive his appeal waiver (*see People v Santos-Rivera*, 86 AD3d 790, 791 [2011], *lv denied* 17 NY3d 904 [2011]). In addition, "nothing in the record at the time of the plea calls into question the voluntariness of his plea or indicates that it was rendered so due to counsel's [inadequate] representation" (*People v Herringshaw*, 83 AD3d 1133, 1134 [2011]).

With regard to the alleged deficiencies in counsel's representation of defendant at the grand jury proceedings, they are precluded by defendant's guilty plea and appeal waiver (*see People v Mercer*, 81 AD3d 1159, 1160 [2011]; *People v Buckler*, 80 AD3d 889, 890 [2011], *lv denied* 17 NY3d 804 [2011]), as they are not jurisdictional or constitutional in nature (*see People v Hansen*, 95 NY2d at 231-232). Defendant elected to testify (*see* CPL 190.50 [5] [a]), voluntarily signed a waiver of immunity which he acknowledged, and waived his right against self-incrimination, all of which was explained to him (*see* CPL 190.52 [1]), and he was represented by counsel (*see* CPL 190.52 [1], [2]); after being sworn, defendant was obligated "to answer any legal and proper interrogatory" (Penal Law § 215.51 [a]; *see People v Ianniello*, 36 NY2d 137, 145 [1975], *cert denied* 423 US 831 [1975]). Defendant does not claim that he was denied the right to consult with counsel, and the content of that advice is outside the record on this direct appeal of his judgment of conviction. "By waiving the right to immunity, a testifying defendant before the [g]rand [j]ury necessarily gives up the Fifth

---

2. While, earlier, defendant had been offered a plea deal with less jail time, that offer did not include the unrelated AUO offense resolved by this plea.

Amendment privilege against self-incrimination" (*People v Smith*, 87 NY2d 715, 719 [1996]).[3]

To the extent that defendant argues that County Court abused its discretion in summarily denying his pro se request to withdraw his guilty plea, we disagree, as defendant himself abandoned this motion while the court was inquiring into the status of his efforts to retain substitute counsel, and defendant indicated that he wanted to go forward with sentencing upon his plea (*see People v Carroway*, 84 AD3d 1501, 1501 [2011], *lv denied* 17 NY3d 805 [2011]). Further, the decision to permit a defendant to withdraw a guilty plea is a discretionary one, and hearings are granted only in rare circumstances (*see People v Hayes*, 71 AD3d 1187, 1188 [2010], *lv denied* 15 NY3d 852 [2010]; *People v D'Adamo*, 281 AD2d 751, 752 [2001]). Given that defendant had voluntarily entered a valid guilty plea and appeal waiver, that he did not negate his plea admissions in his pro se letter, which improperly sought to collaterally attack the 2008 order of protection, and that his allegations regarding his strained relationship with assigned counsel did not concern the voluntariness of his choice to enter a guilty plea or constitute ineffective assistance of counsel, even if the court were deemed to have effectively denied his motion without a hearing, no error occurred (*see* CPL 220.60 [3]; *People v Seeber*, 4 NY3d 780, 780-781 [2005]; *People v Alexander*, 97 NY2d 482, 485 [2002]).

Likewise, County Court had no grounds to assign substitute counsel based upon defendant's conclusory and unsupported allegations (*see People v Murray*, 25 AD3d 911, 912 [2006], *lv denied* 6 NY3d 896 [2006]; *People v Loadholt*, 19 AD3d 235, 235 [2005]; *People v Bolden*, 289 AD2d 607, 609-610 [2001], *lv denied* 98 NY2d 649 [2002]), and assigned counsel had no duty to participate in defendant's pro se motion to withdraw his plea, which had been voluntary, knowing and intelligent (*see People v Ford*, 44 AD3d 1070, 1071 [2007]), or to join in defendant's request to be assigned new counsel (*see People v Murray*, 25 AD3d at 912).

---

**3.** While a prospective defendant who signs a waiver of immunity and testifies at the grand jury does not waive the privilege against self-incrimination as to *unrelated* pending criminal matters, here defendant incriminated himself while making a statement about "matters relevant to the case before the [g]rand [j]ury" (*People v Smith*, 87 NY2d at 719), as was his right (*see* CPL 190.50 [5] [b]). Defendant's incriminating statements were not elicited during prohibited questioning concerning unrelated pending charges. Thus, were we to address defendant's claim that counsel was ineffective for failing to object or to openly direct defendant not to answer questions regarding his consumption or possession of alcohol on the night of his encounter with Schofield outside a bar, we would reject it outright (*see* CPL 190.52 [2]).

No ineffective assistance is established from counsel's failure to "make a motion or argument that has little or no chance of success" (*People v Stultz*, 2 NY3d 277, 287 [2004]; *see People v Caban*, 5 NY3d 143, 152 [2005]), an apt characterization of defendant's claims.

Next, County Court did not abuse its discretion at sentencing in issuing a stay away/no contact order of protection in favor of Schofield (*see* CPL 530.13 [4] [a]). While the court mistakenly referred to her as a "victim," when she was a "witness" to his alcohol-related offense, she was the proper subject of an order of protection (*see People v Nieves*, 2 NY3d at 316-317).

Further, we find no error or abuse of discretion in County Court's denial of defendant's pro se CPL article 440 motion to vacate the judgment of conviction without a hearing, based upon the written submissions (*see* CPL 440.30 [1], [4] [a]). Defendant's motion argued that trial counsel was ineffective for not collaterally attacking the conditions imposed in the 2008 order of protection, which he argued are invalid, in advising him to accept a guilty plea and in not supporting his pro se motion to withdraw his plea. All of these grounds were raised, reviewed and rejected herein on defendant's direct appeal from the judgment of conviction, and his CPL article 440 motion was properly summarily denied (except on one issue) because the direct appeal of the judgment was pending and "sufficient facts appear on the record" to permit adequate review thereof (CPL 440.10 [2] [b]).

Finally, with regard to defendant's ineffective assistance of counsel claim in his CPL article 440 motion, to the extent such claim is not reviewable on his direct appeal, defendant relied solely on his own affidavit, which failed to establish that "the nonrecord facts sought to be established are material and would entitle him to relief" (*People v Satterfield*, 66 NY2d 796, 799 [1985]; *see People v Griffin*, 89 AD3d 1235, 1237-1238 [2011]). Defendant's claim concerning what counsel advised him about his rights when testifying before the grand jury did not require a hearing, as defendant did not claim in his affidavit that he did not understand the waiver of immunity or his rights, which were explained to him in detail on the record and which he indicated he understood (*see People v Smith*, 87 NY2d at 719). Further, defendant did not contend on his CPL article 440 motion, and does not argue on appeal, that he was questioned at the grand jury regarding "unrelated pending charges" (*id.* at 720, 721), so as to provoke counsel's invocation of defendant's Fifth Amendment right to refuse to answer. "Viewed objectively, the transcript and the submissions reveal the existence of a

[defense] strategy that might well have been pursued by a reasonably competent attorney" (*People v Satterfield*, 66 NY2d at 799). Thus, no hearing was required on defendant's motion, given the nature of defendant's claims, and the motion was properly denied (*see* CPL 440.10 [2], [3]; 440.30 [2]).

Lahtinen, Malone Jr., Stein and Egan Jr., JJ., concur. Ordered that the judgment and order are affirmed.