People v Roblee (2025 NY Slip Op 06226)

People v Roblee

2025 NY Slip Op 06226

Decided on November 13, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 13, 2025

CR-22-1994
[*1]The People of the State of New York, Respondent,
v
Thomas L. Roblee Jr., Appellant.

Calendar Date:October 9, 2025

Before:Garry, P.J., Clark, Aarons, Lynch and Powers, JJ.

Craig Meyerson, Peru, for appellant.
Jason M. Carusone, District Attorney, Lake George (Robert P. McCarty of counsel), for respondent.

Clark, J.
Appeal from a judgment of the County Court of Warren County (Robert Smith, J.), rendered August 31, 2022, convicting defendant upon his plea of guilty of the crime of aggravated family offense.
Defendant was charged in a superseding indictment with five counts of aggravated family offense, each count alleging that he committed criminal contempt in the second degree by violating a no-contact order of protection in favor of the victim. In his omnibus motion, defendant moved for, among other things, dismissal of the indictment, arguing that the evidence presented to the grand jury was insufficient because the underlying order of protection issued by the Warrensburg Town Court was invalid.[FN1] County Court denied the motion, and defendant thereafter pleaded guilty to one count of aggravated family offense in full satisfaction of the indictment, and agreed to waive his right to appeal both orally and by written waiver. In accordance with the terms of the plea agreement, County Court sentenced defendant, as a second felony offender, to a prison term of 1½ to 3 years. Defendant appeals.[FN2]
We affirm. Defendant argues that the underlying order of protection was invalid and, therefore, the indictment must be dismissed. "Generally, a guilty plea marks the end of a criminal matter as opposed to providing a gateway to further litigation" (People v Guerrero, 28 NY3d 110, 115 [2016]; see People v Hansen, 95 NY2d 227, 230 [2000]). "As a rule, a defendant who in open court admits guilt of an offense charged may not later seek review of claims relating to the deprivation of rights that took place before the plea was entered" (People v Hansen, 95 NY2d at 230 [citations omitted]). Certain matters survive a guilty plea, however, including those involving jurisdictional defects such as an insufficient accusatory instrument (see People v Iannone, 45 NY2d 589, 600 [1978]; see generally People v Manragh, 32 NY3d 1101, 1102 [2018]).[FN3] Notably, "[u]nlike a challenge to the sufficiency of an accusatory instrument, a challenge to the validity of an underlying order of protection does not assert a nonwaivable jurisdictional defect" (People v Ellison, 106 AD3d 419, 420 [1st Dept 2013], lv denied 21 NY3d 1004 [2013]; see People v Konieczny, 2 NY3d 569, 574-576 [2004]; People v Charlotten, 44 AD3d 1097, 1098-1099 [3d Dept 2007]; People v Marshall, 13 AD3d 801, 801 [3d Dept 2004], lv denied 4 NY3d 888 [2005]). As such, defendant's claim does not implicate the jurisdiction of the court so as to survive his guilty plea (see People v Konieczny, 2 NY3d at 577; People v Marshall, 13 AD3d at 802).[FN4] "Moreover, defendant failed to preserve this claim by moving to withdraw the plea" prior to sentencing despite having an opportunity to do so (People v Charlotten, 44 AD3d at 1099; see People v Trombley, 91 AD3d 1197, 1200 [3d Dept 2012], lv denied 21 NY3d 914 [2013]).
Garry, P.J., Aarons, Lynch and Powers, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: "In order to find defendant guilty of an aggravated family offense, the People were required to prove, as relevant here, that he committed the specified offense of criminal contempt in the second degree" (People v Lapham, 172 AD3d 1634, 1637 [3d Dept 2019], lv denied 33 NY3d 1070 [2019]; see Penal Law § 240.75 [1], [2]). A person is guilty of criminal contempt in the second degree when he or she intentionally disobeys or resists the lawful process or a mandate of a court (see Penal Law § 215.50 [3]).

Footnote 2: Although defendant's pro se notice of appeal contains an incorrect date for the judgment of conviction, we exercise our discretion to overlook this inaccuracy and treat the notice of appeal as valid (see CPL 460.10 [6]; People v Dunn, 160 AD3d 1202, 1202 n [3d Dept 2018]).

Footnote 3: "An indictment is jurisdictionally defective where it fails to notify the defendant of the crime charged by alleging 'facts supporting every element of the offense charged and the defendant's commission thereof with sufficient precision to clearly apprise the defendant of the conduct which is the subject of the accusation' " (People v Lapham, 172 AD3d at 1635, quoting People v Morris, 61 NY2d 290, 293 [1984]).

Footnote 4: Such claim would also be forfeited by a valid appeal waiver (see People v Trombley, 91 AD3d 1197, 1200 [3d Dept 2012], lv denied 21 NY3d 914 [2013]). In light of our finding that defendant's claim was forfeited by his guilty plea, we need not address defendant's further assertion that his waiver of the right to appeal made in connection with his guilty plea is invalid.