■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CANIO J. DE MAIO, Appellant. [760 NYS2d 558] —Lahtinen, J. Appeal from a judgment of the County Court of Montgomery County (Catena, J.), rendered June 27, 2002, convicting defendant upon his plea of guilty of the crimes of driving while intoxicated and aggravated unlicensed operation of a motor vehicle in the first degree.

In satisfaction of a six-count indictment, defendant pleaded guilty to the crimes of driving while intoxicated as a class D felony (*see* Vehicle and Traffic Law § 1193 [1] [c] [ii]) and aggravated unlicensed operation of a motor vehicle in the first degree, a class E felony (*see* Vehicle and Traffic Law § 511 [3] [a]). The negotiated plea included a recommendation for concurrent terms of incarceration of 1⅓ to 4 years for driving while intoxicated and 1 to 3 years for aggravated unlicensed operation. At the time of the plea allocution, County Court warned defendant that, if he failed to surrender himself to the local jail or failed to appear for sentencing, then the court might impose a different sentence. Defendant failed to comply with these conditions and was eventually sentenced to consecutive terms of incarceration of 2 to 6 years for driving while intoxicated and 1⅓ to 4 years for aggravated unlicensed operation. Defendant appeals.

Defendant contends that County Court erred by imposing consecutive sentences. Concurrent sentences are mandated by Penal Law § 70.25 (2) in two circumstances: "(1) where a single act constitutes two offenses, or (2) where a single act constitutes one of the offenses and a material element of the other" (*People v Laureano*, 87 NY2d 640, 643 [1996]; *see People v Parks*, 95 NY2d 811, 814 [2000]; *People v Catone*, 65 NY2d 1003, 1005 [1985]). If either circumstance is present, the sentencing court can retain discretion to impose consecutive sentences if the "multiple offenses are committed through separate and distinct acts, though they are part of a single transaction" (*People v Ramirez*, 89 NY2d 444, 451 [1996]; *see People v Brown*, 80 NY2d 361, 364 [1992]). Consecutive sentences imposed based upon separate and distinct acts "must be supported by identifiable facts" (*People v Ramirez, supra* at 451),

and the burden of establishing such acts rests upon the People (*see People v Laureano, supra* at 643-645).

Although there are numerous factual circumstances that can comprise both the crimes of first degree aggravated unlicensed operation (*see* Vehicle and Traffic Law § 511 [3] [a] [i], [ii]) and felony driving while intoxicated (*see* Vehicle and Traffic Law § 1193 [1] [c] [i], [ii]), it is apparent that driving while intoxicated can constitute a material element of first degree aggravated unlicensed operation. It was thus incumbent upon the People to show either that defendant's felony driving while intoxicated was not, in fact, a material element of his first degree aggravated unlicensed operation (*see e.g.* Vehicle and Traffic Law § 511 [3] [a] [ii] [authorizing such charge based upon nonalcohol-related elements])\* or that the two offenses were based upon separate and distinct acts. Here, the indictment alleges defendant's driving while under the influence as an element of the charge of first degree aggravated unlicensed operation. Both the offenses to which defendant eventually pleaded guilty are alleged in the indictment to have occurred on the same date, place and time. The plea allocution confirms such facts and, indeed, further reveals that the same prior offenses provided the basis for both the previous revocation of defendant's license and the elevation of the driving while intoxicated to felony status. It is thus clear that defendant's felony driving while intoxicated charge was a material element of his first degree aggravated unlicensed operation and the People failed to show that the two offenses arose from separate and distinct acts.

The People's reliance upon *People v Richburg* (287 AD2d 790, 792 [2001], *lv denied* 97 NY2d 687 [2001]), with no concomitant case-specific factual analysis, is misplaced. *Richburg* should not be construed as holding that felony driving while intoxicated and first degree aggravated unlicensed operation cannot fall within the parameters of Penal Law § 70.25 (2). To the contrary, since felony driving while intoxicated can constitute a material element of first degree aggravated unlicensed operation, the People bear the burden when advocating consecutive sentences of showing identifiable separate acts sustaining such sentences. The People failed to make such a showing in this case and, therefore, the sentences must be modified to run concurrently. Our decision renders academic defendant's remaining argument.

---

\* The common element of merely operating a motor vehicle is not a *material* element (*see People v Skarczewski*, 178 Misc 160, 161-162 [1941], *affd* 287 NY 826 [1942]).

Mercure, J.P., Crew III, Peters and Rose, JJ., concur. Ordered that the judgment is modified, on the law, by directing that defendant's sentences for the convictions of the crimes of driving while intoxicated and aggravated unlicensed operation of a motor vehicle in the first degree shall run concurrently rather than consecutively, and, as so modified, affirmed.