■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONTEY MIDDLETON, Also Known as DANTE MIDDLETON, Appellant. [818 NYS2d 873]—

Mercure, J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered October 23, 2003, convicting defendant upon his plea of guilty of the crimes of murder in the first degree and attempted robbery in the second degree.

Defendant was charged, together with two codefendants, with numerous crimes arising out of his involvement in the attempted robbery of a cab driver in the City of Troy, Rensselaer County. During the course of the attempted robbery, defendant stabbed the victim in the neck, killing him. Pursuant to a negotiated plea agreement, defendant pleaded guilty to murder in the first degree (felony murder) and attempted robbery in the second degree and waived his right to appeal. County Court thereafter imposed the agreed-upon consecutive prison sentences of 25 years to life for the murder conviction and three years, followed by five years of postrelease supervision, for the attempted robbery conviction. Defendant now appeals, arguing that the sentences are illegal.

It is not disputed that defendant's challenge to the legality of his sentence survives his guilty plea and waiver of the right to appeal. Turning to the merits of his claim, "sentences imposed for two or more offenses may not run consecutively: '(1) where a single act constitutes two offenses, or (2) where a single act constitutes one of the offenses and a material element of the other'" (*People v Parks*, 95 NY2d 811, 814 [2000], quoting *People v Laureano*, 87 NY2d 640, 643 [1996]; *see People v De Maio*, 304 AD2d 988, 988 [2003]). Defendant engaged in conduct constituting the crime of attempted robbery and this same conduct is a material element of the crime of felony murder (*see* Penal Law § 125.27 [1] [a] [vii]; *People v McBee*, 8 AD3d 500, 501 [2004], *lv denied* 3 NY3d 660 [2004]). Contrary to the People's contentions, the fact that defendant pleaded guilty to the subdivision of attempted robbery which involves being "aided by another person actually present" (Penal Law §§ 110.00, 160.10 [1]) rather than the subdivision which involves causing physical injury (*see* Penal Law §§ 110.00, 160.10 [2] [a]) is inconsequential. The Penal Law places no restrictions upon which subdivisions of the enumerated felonies may serve as the

underlying crime for felony murder (*see* Penal Law § 125.27 [1] [a] [vii]). We also note that neither the indictment nor the detailed plea colloquy specifies which theory of attempted robbery charged therein was intended to serve as the predicate for the charge of felony murder (*see People v Parks, supra* at 815; *People v De Maio, supra* at 988-989). Accordingly, we conclude that defendant's sentence must be modified to the extent that the sentences will run concurrently.

Cardona, P.J., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is modified, on the law, by directing that defendant's sentences for attempted robbery in the second degree and murder in the first degree shall run concurrently rather than consecutively, and, as so modified, affirmed.