(February 19, 2009)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER ANTONIOU, Appellant. [872 NYS2d 756]—

Rose, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered June 22, 2005, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the second degree and burglary in the third degree.

As a result of his possession of narcotic prescription drugs allegedly stolen from a pharmacy on December 9, 2004, defendant was charged in a felony complaint with criminal possession of a controlled substance in the first degree. Defendant waived indictment and consented to prosecution by superior court information, which charged him with criminal possession of a controlled substance in the second degree and burglary in the third degree. Defendant later pleaded guilty to those charges, signed a waiver of his right to appeal and received the promised sentence under the terms of the plea agreement. Defendant appealed and we affirmed (40 AD3d 1206 [2007]). Defendant then moved for a writ of error coram nobis to vacate our earlier deci-

sion. We granted his motion and reinstated his appeal (52 AD3d 938 [2008]).

We find merit in defendant's argument that his prosecution by superior court information for the crime of criminal possession of a controlled substance in the second degree, a class A-II felony, was jurisdictionally defective and, therefore, his waiver of indictment and his plea of guilty on that charge were invalid (*see* CPL 195.10 [1] [former (b)]; *People v Trueluck*, 88 NY2d 546, 550-551 [1996]; *People v Marrow*, 301 AD2d 673, 674 n 1 [2003]; *People v Young*, 241 AD2d 690, 692 [1997]). Although CPL 195.10 (1) (b) was amended in 2008 to preclude waiver of indictment only where the charge is a "class A felony punishable by death or life imprisonment" (L 2008, ch 401, § 1), the statute in effect at the time of defendant's alleged crimes precluded waiver when the charge was a class A felony. Inasmuch as defendant was charged with criminal possession of a controlled substance in the first degree, a class A-I felony, and later with criminal possession of a controlled substance in the second degree, a class A-II felony, his waiver of indictment and plea of guilty were unauthorized and invalid. Nor are we persuaded by the People's contention that the waiver was permissible because the Drug Law Reform Act of 2004 reduced the sentencing for drug-related crimes (*see* L 2004, ch 738, § 41 [d-1]). That act did not become effective until after commission of the crimes charged against defendant and it is not to be applied retroactively (*see People v Utsey*, 7 NY3d 398, 403-404 [2006]).*

In addition, since defendant's guilty plea was premised on an agreement that the sentences imposed would run concurrently on the two crimes to which he was pleading, we are constrained to vacate his plea as to both crimes and dismiss the superior court information (*see People v Fuggazzatto*, 62 NY2d 862, 863 [1984]; *People v Espinal*, 10 AD3d 326, 331 [2004], *lv denied* 3 NY3d 740 [2004]; *People v Brugman*, 111 AD2d 562, 563 [1985]).

Cardona, P.J., Peters, Lahtinen and Kane, JJ., concur. Ordered that the judgment is reversed, on the law, plea vacated and superior court information dismissed.

---

* Although County Court and the People apparently agreed that defendant would be sentenced under the provisions of the Drug Law Reform Act and thereby avoid a later application for resentencing under that act, this well-intentioned plan could not circumvent the constitutional and statutory limitations on the waiver of indictment that are jurisdictional and nonwaivable (*see People v Zanghi*, 79 NY2d 815, 817 [1991]).