■  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL SOFIA, Appellant. [881 NYS2d 185]—

Spain, J. Appeal from a judgment of the County Court of Saratoga County (Scarano, J.), rendered April 27, 2007, which resentenced defendant following his conviction of the crimes of criminal possession of a controlled substance in the first degree and conspiracy in the second degree.

In 2005, pursuant to a negotiated plea agreement, defendant pleaded guilty to the crimes of criminal possession of a controlled substance in the first degree and conspiracy in the second degree in full satisfaction of a pending multicount indictment. He also waived his right to appeal in writing which he confirmed during the plea colloquy. County Court sentenced defendant to concurrent prison terms of 15 years to life on the criminal possession count and 3 to 9 years on the conspiracy count. The reduced sentencing provisions of the Drug Law Reform Act of 2004 did not apply, as the crimes at issue were committed in 2004, before that Act became effective (*see* L 2004, ch 738, § 41 [d-1]; *People v Utsey*, 7 NY3d 398, 403-404 [2006]; *People v Antoniou*, 59 AD3d 805, 806 [2009]). Under the terms of the plea agreement and appeal waiver, however, defendant reserved the right to apply for resentencing as provided for by that Act (*see* L 2004, ch 738, § 23; *see also* Penal Law § 70.71). It was further agreed that, if he did so, a determinate prison term of no more than 10 and no less than eight years, as well as postrelease supervision, would be imposed on the criminal possession count. Upon defendant's subsequent application for resentencing, County Court imposed a prison term of 10 years and postrelease supervision of five years on the criminal possession count. Defendant appeals and we affirm.

It is true, of course, that an appeal waiver executed in con-

nection with a guilty plea does not preclude a challenge to the severity of a subsequent resentence if the plea was entered "under conditions that changed following the waiver" (*People v Tausinger*, 21 AD3d 1181, 1183 [2005]; *see People v Gray*, 32 AD3d 1052, 1053 [2006], *lv denied* 7 NY3d 902 [2006]). In this case, however, when defendant entered into the plea agreement and executed the appeal waiver, while he did not know the precise prison term that would be imposed upon resentencing, he was fully aware of the agreed-upon potential sentence range that could be imposed thereat. Indeed, the written appeal waiver itself discloses the agreed-upon sentencing range that defendant faced at resentencing. As defendant "knew the maximum exposure [he] could face upon pleading guilty," his valid appeal waiver precludes his present challenge to his resentence as harsh and excessive (*People v Lococo*, 92 NY2d 825, 827 [1998]; *see* L 2004, ch 738, § 23; *People v Lopez*, 6 NY3d 248, 255-256 [2006]).

Mercure, J.P., Kavanagh, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed.