*905 As the People correctly concede, the sentence imposed upon the defendant’s conviction of attempted assault in the second degree (attempted felony assault) must be modified to run concurrently with the sentence imposed upon the conviction of attempted sexual abuse in the first degree (see Penal Law § 70.25 [2]; People v Parks, 95 NY2d 811, 814-815 [2000]; People v Middleton, 32 AD3d 557, 558 [2006]; People v Ahedo, 229 AD2d 588 [1996]).
As to the defendant’s contention that his sentence was excessive, while a defendant who has validly waived the right to appeal cannot invoke this Court’s interest of justice jurisdiction to obtain a reduced sentence (see People v Lopez, 6 NY3d 248, 255 [2006]), the defendant correctly argues that his appeal waiver was not valid. Although “ ‘a trial court need not engage in any particular litany’ or catechism in satisfying itself that a defendant has entered a knowing, intelligent and voluntary appeal waiver, a trial court ‘must make certain that a defendant’s understanding’ of the waiver ... ‘is evident on the face of the record’ ” (People v Bradshaw, 18 NY3d 257, 265 [2011], quoting People v Lopez, 6 NY3d at 256), and that “the record demonstrates that [the waiver] was made knowingly, intelligently and voluntarily” (People v Lopez, 6 NY3d at 256). Here, the record does not demonstrate that the waiver was made knowingly, intelligently, and voluntarily, as the Supreme Court did nothing other than state on the record that the defendant had “been explained [sic] and he’s executing waiver of appeal.” Therefore, “notwithstanding the written appeal waiver form, it cannot be said that defendant knowingly, intelligently, and voluntarily waived his right to appeal” (People v Bradshaw, 18 NY3d at 267; see People v Callahan, 80 NY2d 273, 283 [1992]).
Nevertheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). Skelos, J.P., Dickerson, Hall and Roman, JJ., concur.