Spain, J.
Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered September 6, 2011, convicting defendant upon his plea of guilty of the crime of robbery in the second degree (two counts).
Defendant was charged in two separate indictments with various crimes resulting from his involvement in two armed robberies. In satisfaction of these and other pending charges, defendant pleaded guilty to two counts of robbery in the second degree and agreed to waive his right to appeal. In accordance with the plea agreement, he was sentenced to concurrent terms of eight years in prison, to be followed by five years of postrelease supervision, and was ordered to pay restitution in the amount of $750. Defendant now appeals.
Initially, upon reviewing the record, we find that defendant’s waiver of the right to appeal is invalid given that he was not advised that it was a right separate and distinct from the other rights that he was forfeiting by pleading guilty (see People v Lopez, 6 NY3d 248, 256 [2006]; see also People v Bradshaw, 18 NY3d 257, 264 [2011]; People v Ladieu, 105 AD3d 1265, 1265 [2013], lv denied 21 NY3d 1017 [2013]; People v Veras, 103 AD3d 984, 985 [2013], lv denied 21 NY3d 947 [2013]). Addressing defendant’s challenge to the voluntariness of his guilty plea, it is *989 unpreserved because the record fails to indicate that he moved to withdraw his plea or vacate the judgment of conviction (see People v Ladieu, 105 AD3d at 1266; People v Leone, 105 AD3d 1249, 1250 [2013], lv denied 21 NY3d 1017 [2013]; People v Revette, 102 AD3d 1065, 1065-1066 [2013]). Notably, we find that the narrow exception to the preservation rule is inapplicable, inasmuch as defendant did not make any statements during the plea colloquy that cast doubt upon his guilt or called into question the voluntariness of his plea (see People v Lopez, 71 NY2d 662, 666-667 [1988]; People v Ladieu, 105 AD3d at 1266; People v Leone, 105 AD3d at 1250; People v Revette, 102 AD3d at 1066).
Defendant’s further challenge to the propriety of County Court’s award of restitution is also unpreserved given his failure to request a restitution hearing or otherwise contest the amount of the restitution awarded at sentencing (see People v Hulett, 106 AD3d 1330, 1331 [2013]; People v Secore, 102 AD3d 1057, 1058-1059 [2013], lv denied 21 NY3d 1019 [2013]; see also People v Horne, 97 NY2d 404, 410, 414, 414 n 3 [2002]). While his challenge to the severity of the sentence is properly before us, we find it to be unavailing. Considering defendant’s lengthy criminal history, the seriousness of his actions and the number of other charges satisfied by defendant’s plea, we find no extraordinary circumstances or abuse of discretion warranting a reduction of the sentence in the interest of justice (see People v Leone, 105 AD3d at 1250; People v Salmans, 49 AD3d 961, 961 [2008]; People v McCarthy, 23 AD3d 919, 919-920 [2005]).
Rose, J.E, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.