■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FARQUAN GRIFFIN, Appellant. [987 NYS2d 905]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (J. Goldberg, J.), rendered December 26, 2006, convicting him of attempted robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Kings County, to afford the defendant an opportunity to withdraw his plea of guilty.

On October 26, 2006, the defendant pleaded guilty to attempted robbery in the first degree to satisfy his indictment. He was promised a sentence of an indeterminate term of imprisonment of 16 years to life, to run concurrently with a sentence of an indeterminate term of imprisonment of 20 years to life previously imposed in New York County. The trial court noted that, although an indeterminate term of imprisonment of 16 years to life was a "lengthy sentence," it was to run concurrently to the sentence he was already serving, and was less time than the sentence he was already serving. The plea agreement did not " 'spell out . . . the consequences that will follow' " in the event that the New York County conviction were vacated (*People v Rowland*, 8 NY3d 342, 345 [2007], quoting *People v Pichardo*, 1 NY3d 126, 130 [2003]).

The court advised the defendant that he was agreeing to give up his right to appeal from the conviction, and would have a right to appeal if he believed any legal errors were made or if the sentence was illegal or excessive, and would be entitled to an attorney for his appeal free of charge if he could not afford one. The court then asked the defendant to "go over" the written waiver with his attorney and "sign it, please." After a pause

in the proceedings, the trial court stated "Let the record reflect the waiver has been signed." However, there is no statement from the defendant on the record in reference to the waiver of his right to appeal.

The defendant's waiver of his right to appeal was invalid (*see People v Bradshaw*, 18 NY3d 257, 267 [2011]; *People v Bressard*, 112 AD3d 988 [2013]; *People v Nicholson*, 101 AD3d 904 [2012]; *People v Pelaez*, 100 AD3d 803 [2012]; *People v Grant*, 83 AD3d 862 [2011]). In any event, a challenge to the voluntariness of a plea of guilty, including a claim that the plea was not voluntary because it was based upon a promise which was not fulfilled, survives a waiver of the right to appeal (*see People v Seaberg*, 74 NY2d 1, 10 [1989]; *People v Murphy*, 114 AD3d 704 [2014]; *People v Ballinger*, 12 AD3d 686, 687 [2004]).

The defendant received the promised sentence of an indeterminate term of imprisonment of 16 years to life, to run concurrently with the sentence of an indeterminate term of imprisonment of 20 years to life imposed in New York County. In 2011, the defendant's conviction in New York County was reversed, and that matter was remitted to the Supreme Court, New York County, for further proceedings (*see People v Griffin*, 92 AD3d 1 [2011], *affd* 20 NY3d 626 [2013]). The defendant contends that, since the New York County conviction was reversed on appeal, the instant judgment should be reversed and the matter remitted to the Supreme Court, Kings County, to give the defendant an opportunity to withdraw his plea of guilty.

Since the defendant pleaded guilty with the understanding that he would receive a sentence concurrent with the sentence imposed upon his conviction in New York County, he should be afforded an opportunity to withdraw his plea of guilty (*see People v Williams*, 17 NY3d 834 [2011]; *People v Taylor*, 80 NY2d 1, 15 [1992]; *People v Boston*, 75 NY2d 585 [1990]; *People v Clark*, 45 NY2d 432, 440 [1978]; *People v Puntervold*, 60 AD3d 1090 [2009]; *People v Antoniou*, 59 AD3d 805, 806 [2009]; *People v Cruz*, 225 AD2d 790, 791 [1996]). Accordingly, the judgment appealed from must be reversed, and the matter remitted to the Supreme Court, Kings County, to afford the defendant an opportunity to withdraw his plea of guilty. Skelos, J.P., Dillon, Maltese and Barros, JJ., concur.