People v Russ (2018 NY Slip Op 04597)





People v Russ


2018 NY Slip Op 04597


Decided on June 21, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 21, 2018

107703

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
RONDY RUSS, Also Known as RANDY RUSS, Also Known as SKI, Appellant.

Calendar Date: April 23, 2018

Before: McCarthy, J.P., Egan Jr., Aarons, Rumsey and

 Pritzker, JJ.

Neal D. Futerfas, White Plains, for appellant.
D. Holley Carnright, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.


Aarons, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered January 30, 2015, which resentenced defendant upon his conviction of the crime of conspiracy in the second degree.
Defendant was charged by indictment with conspiracy in the second degree in connection with the shooting of a witness who was set to testify against a codefendant. Prior to trial, defendant moved to suppress recorded jail phone calls that he was a party to or that had provided information relevant to his prosecution. Supreme Court (Breslin, J.) denied the motion without a hearing. Defendant thereafter pleaded guilty to conspiracy in the second degree and waived his right to appeal. Defendant, however, reserved his right to seek appellate review of the order denying his suppression motion as it pertained to the recorded jail phone calls. Prior to sentencing, defendant moved to withdraw his guilty plea. Supreme Court denied the motion and sentenced defendant, as a second felony offender, to the agreed-upon prison term of 6 to 12 years. On appeal, this Court vacated defendant's sentence and remitted the matter for reconsideration of his motion to withdraw the guilty plea based upon defendant's claim that he received the ineffective assistance of counsel (118 AD3d 1039, 1040 [2014]). Upon remittal, [*2]County Court denied defendant's motion and resentenced him, as a second violent felony offender, to a prison term of 6 to 12 years. Defendant now appeals. We affirm.
We reject defendant's contention that Supreme Court erred in denying his suppression motion without a hearing. Taking into account that defendant was aware that the recorded jail phone calls were monitored by law enforcement, defendant had no reasonable expectation of privacy over them (see People v Diaz, 149 AD3d 974, 975-976 [2017]; see also United States v Willoughby, 860 F2d 15, 21-22 [2d Cir 1988], cert denied 488 US 1033 [1989]; United States v Amen, 831 F2d 373, 379-380 [2d Cir 1987], cert denied 485 US 1021 [1988]; see generally Lanza v New York, 370 US 139, 143 [1962]). Furthermore, defendant cites no legal authority for his proposition that it was incumbent upon the People to obtain the recorded jail phone calls via a subpoena. We also note that the People timely disclosed to defendant their intent to use such calls as evidence at trial and, other than a cursory claim, defendant failed to establish how he was prejudiced by the People's failure to use a subpoena. To the extent that defendant asserts that his right to counsel was violated, we find no merit to this contention given that the record is devoid of evidence that law enforcement officials or an agent thereof deliberately elicited incriminating information from him (see People v Johnson, 27 NY3d 199, 205-206 [2016]).
Defendant's challenge to the severity of his resentence is precluded by his unchallenged waiver of his right to appeal (see People v Sofia, 62 AD3d 1159, 1160 [2009]). Defendant's remaining contentions have been considered and lack merit.
McCarthy, J.P., Egan Jr., Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.