■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PENNY S. VANSICKLE, Appellant. [755 NYS2d 466] —Cardona, P.J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered January 12, 2001, convicting defendant upon her plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

On June 1, 2000, defendant was indicted on two counts of criminal possession of a controlled substance in the third degree stemming from her possession of more than one-half ounce of cocaine on February 17, 2000 in Chemung County. Defendant entered a guilty plea to one count on the day her suppression hearing was scheduled. County Court accepted that plea in full satisfaction of the indictment, as well as an unindicted criminal sale. It was further agreed that defendant would be sentenced to a prison term of 5 to 10 years, upon her adjudication as a second felony offender, to run concurrently with a sentence in another county for a violation of probation. During the plea colloquy, defense counsel withdrew defendant's suppression motion and informed the court that defendant understood that there would be no further hearings. Defendant acknowledged hearing everything and indicated her desire to enter the guilty plea. She did so and was subsequently sentenced in accordance with the plea bargain.

On appeal, defendant contends that due to defense counsel's

---

failure to pursue the suppression hearing, she "blindly" entered her guilty plea and, therefore, it was not entered voluntarily, knowingly and intelligently. However, an examination of the record clearly shows that County Court fully explained the consequences of pleading guilty to defendant, including the rights she would be waiving. Defendant indicated that she understood what was transpiring and confirmed that she was not being coerced into entering the plea. Furthermore, she acknowledged that she was doing so based only upon the promises encompassed within the plea bargain. In response to County Court's inquiry concerning her conduct on the date of the crimes, she responded that she possessed 168 fifty-dollar bags of what she knew or believed to be cocaine, having an aggregate weight of more than one-half ounce. Under the circumstances, we find the failure to hold the suppression hearing "had no impact upon the knowing and voluntary nature of defendant's plea" (*People v Clifford*, 295 AD2d 697, 698, *lv denied* 98 NY2d 709) and conclude that the plea was knowingly, voluntarily and intelligently made (*see People v Whitesell*, 299 AD2d 654; *People v Teague*, 295 AD2d 813).

Additionally, we note that by pleading guilty before she obtained a final order denying her motion to suppress, defendant forfeited her right to appellate review of the sufficiency of the search warrant application under the statutory exception provided in CPL 710.70 (2) (*see People v Fernandez*, 67 NY2d 686, 688; *People v Whitehurst*, 291 AD2d 83, 86-87, *lv denied* 98 NY2d 642; *People v Sides*, 242 AD2d 750, 750-751, *lv denied* 91 NY2d 836).

Next, defendant argues that her sentence was harsh and excessive and that extraordinary circumstances, consisting of a dysfunctional family environment, alcohol and drug addictions and a history of nonviolent crimes, warrant a reduction of her sentence in the interest of justice. We disagree. Defendant's sentence was well within the statutory parameters for a class B felony (*see* Penal Law § 70.06 [3] [b]; [4] [b]; § 220.16 [12]). We note that defendant's background and family circumstances were contained in the presentence investigation report submitted to County Court (*see People v Baker*, 253 AD2d 943; *People v Kalakowski*, 120 AD2d 763, *lv denied* 68 NY2d 669). We also take into consideration defendant's failure to effectively deal with her addictions despite the availability of services. Under the circumstances, including defendant's recidivism, we find that the sentence was not harsh or excessive.

Finally, while we are not unsympathetic to defendant's personal circumstances, we do not find them to be "extraordi-

nary" and, therefore, a reduction of the sentence in the interest of justice is not warranted (*see* CPL 470.15 [6] [b]).

Crew III, Peters, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed.