■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOMINICK GOMEZ, Appellant. [855 NYS2d 767]—

Kavanagh, J. Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered June 1, 2006, convicting defendant upon his plea of guilty of the crimes of robbery in the first degree, robbery in the second degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

Defendant pleaded guilty to robbery in the first degree, robbery in the second degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree in satisfaction of an indictment. As part of the negotiated plea agreement, defendant waived his right to appeal and was sentenced as a second felony offender to a 12-year term of imprisonment for each of the convictions for robbery in the first degree and second degree, as well as for his conviction of criminal possession of a weapon in the second degree, and a term of imprisonment of seven years for his conviction of criminal possession of a weapon in the third degree. All sentences were to run concurrently and a period of five years of postrelease supervision was also imposed. Defendant now appeals, arguing that he did not validly waive his right to appeal and that the sentence imposed is harsh and excessive.

We affirm. The record demonstrates that County Court adequately explained, and defendant understood, that "the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" and, thus, defendant's waiver of the right to appeal is valid (*People v Lopez*, 6 NY3d 248, 256 [2006]; *see People v Morgan*, 39 AD3d 889, 889 [2007], *lv denied* 9 NY3d 848 [2007]). Consequently, defendant's claim that the sentence imposed is harsh and excessive is foreclosed (*see People v Sawyer*, 41 AD3d 1089, 1090 [2007], *lv denied* 9

NY3d 926 [2007]; *People v Marone*, 36 AD3d 956, 956 [2007], *lv denied* 8 NY3d 987 [2007]).

Peters, J.P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.