■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY GENTRY, Appellant. [901 NYS2d 429]—Rose, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered April 25, 2007, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

In satisfaction of a two-count indictment, defendant pleaded guilty to criminal possession of a controlled substance in the third degree, waived his right to appeal and was sentenced as a' second felony offender to the agreed-upon term of six years in prison followed by three years of postrelease supervision. Defendant now appeals, contending that he was denied the effective assistance of counsel.

We affirm. Although defendant's waiver of the right to appeal does not bar his ineffective assistance of counsel claim insofar as it relates to the voluntariness of his plea (*see People v Dobrouch*, 59 AD3d 781 [2009], *lv denied* 12 NY3d 853 [2009]), counsel's alleged failure to request a suppression hearing does not impact upon the voluntariness of defendant's plea (*see People v McDuffie*, 43 AD3d 559, 560 [2007], *lv denied* 9 NY3d 992 [2007]; *see also People v Leigh*, 71 AD3d 1288 [2010]). Moreover, even assuming this argument is not precluded by defendant's waiver of the right to appeal, his failure to move to withdraw his plea or vacate the judgment of conviction renders it unpreserved for our review (*see People v Anderson*, 63 AD3d 1191, 1193 [2009], *lv denied* 13 NY3d 794 [2009]; *People v Cintron*, 62 AD3d 1157, 1158 [2009], *lv denied* 13 NY3d 742 [2009]). In any event, "[t]he fact that defense counsel did not request a particular pretrial hearing does not necessarily constitute ineffective assistance of counsel" (*People v Jackson*, 67 AD3d 1067, 1068 [2009], *lv denied* 14 NY3d 801 [2010]; *see People v Hamms*, 55 AD3d 1142, 1145 [2008], *lv denied* 11 NY3d 925 [2009]; *People v Jackson*, 48 AD3d 891, 893 [2008], *lv denied* 10 NY3d 841 [2008]). The record reflects that counsel negotiated a favorable plea for defendant, and defendant indicated that he had sufficient time to confer with counsel and was satisfied with her representation. Thus, were we to reach this issue, we would conclude that defendant was afforded meaningful representation (*see People v Leigh*, 71 AD3d at 1288-1289; *People v Scitz*, 67 AD3d 1251, 1252 [2009]; *People v Dobrouch*, 59 AD3d at 781).

Mercure, J.P., Peters, Spain and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.