■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH PHELAN, Also Known as CHRISTOPHER DUFFNER, Appellant. [909 NYS2d 159]—

Mercure, J.P. Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered February 13, 2009, convicting defendant upon his plea of guilty of the crime of forgery in the second degree.

Defendant pleaded guilty to forgery in the second degree, waived his right to appeal and was sentenced to the agreed-upon term of 2½ to 5 years in prison. Defendant now appeals contending, among other things, that he was denied the effective assistance of counsel due to counsel's failure to file a suppression motion.

Preliminarily, we reject any assertion that defendant's waiver of the right to appeal was invalid. County Court fully and separately explained the nature and ramifications of the waiver, and defendant expressed his understanding of the right he was waiving and indicated that he had sufficient time to confer with counsel. Under such circumstances, we conclude that defendant's waiver was valid (*see People v Campbell*, 67 AD3d 1125, 1125 [2009], *lv denied* 14 NY3d 770 [2010]; *People v Gomez*, 50 AD3d 1391, 1391 [2008], *lv denied* 11 NY3d 736 [2008]).

Although defendant's challenge to the voluntariness of his plea survives the foregoing waiver, defendant's failure to move to withdraw his plea or vacate the judgment of conviction renders this issue unpreserved for our review (*see People v Empey*, 73 AD3d 1387, 1388 [2010]; *People v Singh*, 73 AD3d 1384, 1384-1385 [2010]). Further, inasmuch as defendant did not make any statements during his allocution that negated an element of the crime charged or otherwise called into question his guilt, the narrow exception to the preservation requirement was not triggered here (*see People v Lopez*, 74 AD3d 1498, 1499 [2010]; *People v Thomas*, 71 AD3d 1231, 1232 [2010], *lv denied* 14 NY3d 893 [2010]).

Turning to defendant's ineffective assistance of counsel claim, while that claim also survives his waiver to the extent that it

relates to the voluntariness of his plea, counsel's alleged failure to file a suppression motion does not implicate the voluntariness of defendant's plea (*see People v Gentry*, 73 AD3d 1383, 1384 [2010]). In any event, defendant's failure to move to withdraw his plea or vacate the judgment of conviction likewise renders this issue unpreserved for our review (*see id.* at 1384; *People v Jenks*, 69 AD3d 1120, 1121 [2010], *lv denied* 14 NY3d 841 [2010]).

Finally, defendant's valid waiver of the right to appeal precludes review of his claim that the sentence imposed was harsh and excessive (*see People v Morales*, 68 AD3d 1356, 1357 [2009], *lv denied* 14 NY3d 803 [2010]; *People v Gomez*, 50 AD3d at 1391). Accordingly, County Court's judgment is affirmed.

Rose, Malone Jr., Kavanagh and Stein, JJ., concur. Ordered that the judgment is affirmed.