■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
DALVIN BELTRAN, Appellant. [913 NYS2d 419]—

Lahtinen, J. Appeal from a judgment of the County Court of
Sullivan County (LaBuda, J.), rendered July 14, 2009, convict-
ing defendant upon his plea of guilty of the crime of manslaugh-
ter in the first degree.

Following a fatal stabbing, defendant was charged in an
indictment with murder in the second degree and criminal pos-
session of a weapon in the third degree. During jury selection,
the parties adopted County Court's suggestion that they select
alternate jurors from among those prospective jurors who had
previously been removed by peremptory challenges. The
alternate jurors were then sworn in at the same time as the
trial jurors. After opening statements in the trial had been
made, defendant pleaded guilty to one count of manslaughter in
the first degree and waived his right to appeal. County Court
sentenced defendant, as agreed, to a prison term of 10 years
and postrelease supervision of five years. Defendant appeals and
we affirm.

Defendant initially argues that improper methods were used
to select and swear in the alternate jurors. By foregoing a trial
and pleading guilty, however, "defendant waived all of his trial
rights and thus necessarily surrendered his right to challenge
on appeal any alleged trial errors," including those associated
with jury selection (*People v Green*, 75 NY2d 902, 904-905
[1990], *cert denied* 498 US 860 [1990]; *see People v Harris*, 293
AD2d 818, 819 [2002], *lv denied* 98 NY2d 676 [2002]). More-
over, defendant did not object to the procedures used and agreed
to the selection of the previously excused prospective jurors,
and any improprieties are not properly presented for our review
(*see People v Colon*, 90 NY2d 824, 826 [1997]; *People v
Agramonte*, 87 NY2d 765, 770-771 [1996]; *People v Molano*, 70
AD3d 1172, 1174-1175 [2010], *lv denied* 15 NY3d 776 [2010]).

Defendant also asserts that he was afforded the ineffective as-
sistance of counsel by, among other things, defense counsel's
failure to advise him that he had a potential intoxication defense
prior to pleading guilty. While defendant's claim survives his ap-
peal waiver to the extent that it implicates the voluntariness of
his guilty plea, it remains unpreserved due to his failure to
move to withdraw his plea or vacate the judgment of conviction
(*see People v Holmes*, 75 AD3d 834, 835 [2010]; *People v Gentry*,
73 AD3d 1383, 1384 [2010]). In any event, defense counsel

raised an intoxication defense that contributed to the plea agreement reached and, given defendant's admissions during the plea colloquy, we are satisfied that he received meaningful representation (see *People v Townsend*, 306 AD2d 761, 762 [2003], *lv denied* 100 NY2d 625 [2003]; *People v Jaworski*, 296 AD2d 597, 598 [2002]).

Peters, J.P., Rose, Kavanagh and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.