■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH BUCKLER, Appellant. [914 NYS2d 773]—

Stein, J. Appeal from a judgment of the Supreme Court (McDonough, J.), rendered July 14, 2008 in Ulster County, convicting defendant upon his plea of guilty of the crimes of burglary in the first degree (two counts), robbery in the first degree, robbery in the second degree (three counts), burglary in the second degree (two counts) and assault in the second degree (two counts).

Defendant pleaded guilty to an indictment charging him with various counts of burglary, robbery and assault relating to his involvement in two separate incidents in which two different residences were broken into, items were stolen and, during one incident, there was an assault of the occupants of the residence. As part of the plea agreement, defendant waived his right to appeal. Supreme Court sentenced defendant in accordance with the plea agreement to an aggregate prison term of 12½ years, to be followed by five years of postrelease supervision. Defendant now appeals and we affirm.

Defendant's claims regarding deficiencies in the grand jury proceedings are precluded from our review by defendant's knowing, intelligent and voluntary guilty plea, which included an explicit waiver of his right to appeal (*see People v Simmons*, 27 AD3d 786, 787 [2006], *lv denied* 7 NY3d 763 [2006]; *People v Robertson*, 279 AD2d 711, 712 [2001], *lv denied* 96 NY2d 805 [2001]). Similarly, inasmuch as defendant's claim of ineffective assistance of counsel pertains to counsel's representation at a pre-plea suppression hearing and does not impact on the voluntariness of his subsequent plea, it does not survive the waiver of appeal (*see People v Gentry*, 73 AD3d 1383, 1384 [2010]) and, is, in any event, unpreserved for our review (*see People v Jenks*, 69 AD3d 1120, 1121 [2010], *lv denied* 14 NY3d 841 [2010]).

While defendant's challenge to the voluntariness of his plea as it relates to Supreme Court's failure to render a determination on his motion to suppress survives his appeal waiver, the issue is unpreserved as defendant neither moved to withdraw his plea nor to vacate the judgment of conviction (*see People v Phelan*, 77 AD3d 987, 987 [2010]; *People v Campbell*, 67 AD3d 1125, 1125 [2009], *lv denied* 14 NY3d 770 [2010]). Moreover, by pleading guilty before obtaining a final order determining his motion to suppress, defendant forfeited his right to appellate review of the undetermined suppression issues (*see* CPL 710.70 [2]; *People v Fernandez*, 67 NY2d 686, 688 [1986]; *People v Adams*, 31 AD3d 1063, 1064-1065 [2006], *lv denied* 7 NY3d 845 [2006]; *People v Williams*, 6 AD3d 746, 747 [2004], *lv denied* 3

NY3d 650 [2004]; *People v Vansickle*, 301 AD2d 963, 964 [2003]). Additionally, as part of his plea, defendant expressly withdrew all pending motions and specifically waived his right to a suppression hearing.

Cardona, P.J., Mercure, Malone Jr. and Garry, JJ., concur. Ordered that the judgment is affirmed.