■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES A. THOMAS, Appellant. [916 NYS2d 648]—

Garry, J. Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered April 13, 2010, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a controlled substance in the fifth degree.

In satisfaction of a superior court information, defendant pleaded guilty to attempted criminal possession of a controlled substance in the fifth degree and waived his right to appeal. While County Court agreed to sentence defendant to probation, defendant was warned that a prison term of up to 1½ years could be imposed if he continued to use illicit substances such

as marihuana, failed to comply with supervised release requirements or did not appear for sentencing. Defendant failed to abide by those conditions by, among other things, using marihuana, and County Court accordingly sentenced him to a jail term of one year. Upon defendant's appeal, we affirm.

As an initial matter, County Court separately explained the rights encompassed by an appeal waiver during the plea colloquy, and defendant thereafter stated that he was freely waiving his right to appeal and executed a detailed written waiver in which he affirmed his understanding of the waiver and indicated that he had ample time to discuss the matter with counsel. Under these circumstances, we are satisfied that defendant's appeal waiver was a knowing, intelligent and voluntary one (*see People v Empey*, 73 AD3d 1387, 1388 [2010], *lv denied* 15 NY3d 804 [2010]; *People v Thomas*, 71 AD3d 1231, 1231-1232 [2010], *lv denied* 14 NY3d 893 [2010]).

Defendant's challenge to the voluntariness of his guilty plea—unlike his argument regarding the factual sufficiency of that plea—survives that waiver, but is unpreserved due to his failure to move to withdraw his plea or vacate the judgment of conviction (*see People v Phelan*, 77 AD3d 987, 987 [2010]; *People v Empey*, 73 AD3d at 1388). Moreover, as defendant made no statements during the plea allocution that negated an element of the crime or otherwise called his guilt into question, this case does not fall within the narrow exception to the preservation requirement (*see People v Phelan*, 77 AD3d at 987; *People v Clinton*, 22 AD3d 887, 887-888 [2005], *lv denied* 6 NY3d 811 [2006]).

Next, County Court was free to impose an enhanced sentence without offering defendant an opportunity to withdraw his plea, as he was warned at the time of his guilty plea that County Court "could impose a different sentence if [he] failed to meet specified conditions" and admittedly violated such a condition by using marihuana (*People v Wilson*, 69 AD3d 970, 971 [2010]; *see People v Figgins*, 87 NY2d 840, 841 [1995]; *People v Holmes*, 67 AD3d 1069, 1071 [2009]). Defendant's remaining argument that the enhanced sentence is harsh and excessive is precluded by his valid appeal waiver, as he was advised of the maximum sentence that could be imposed if he violated the conditions of the plea agreement (*see People v Bove*, 64 AD3d 812, 813 [2009], *lv denied* 13 NY3d 858 [2009]).

Mercure, J.P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.