(July 21, 2011)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSUE SANTOS-RIVERA, Appellant. [927 NYS2d 236]—

Malone Jr., J.

In satisfaction of a two-count indictment charging him with murder in the second degree and criminal possession of a weapon in the second degree, defendant pleaded guilty to the top count and waived his right to appeal. He was sentenced pursuant to the plea agreement to a prison term of 22 years to life. Contending that he received the ineffective assistance of counsel, defendant now appeals and we affirm.

As an initial matter, defendant's valid waiver of his right to appeal precludes his claim of ineffective assistance to the extent that it did not impact the voluntariness of his plea (see *People v Buckler*, 80 AD3d 889, 890 [2011]; *People v Leigh*, 71 AD3d 1288, 1288 [2010], *lv denied* 15 NY3d 775 [2010]; *People v Mc-*

*Duffie*, 43 AD3d 559, 560 [2007], *lv denied* 9 NY3d 992 [2007]).[1] Thus, defendant's contentions regarding counsel's performance at the suppression hearing and other pre-plea court appearances—which do not implicate counsel's representation in such a way as directly affected the voluntariness of defendant's subsequent plea—are not properly considered when assessing his claim of ineffective assistance of counsel (*see People v Buckler*, 80 AD3d at 890; *People v Gentry*, 73 AD3d 1383, 1384 [2010]; *People v McDuffie*, 43 AD3d at 560; *see generally People v Parilla*, 8 NY3d 654, 659-660 [2007]). A review of the plea allocution reveals that defendant's plea was knowingly, voluntarily and intelligently made, and we note that defendant stated at the allocution that he had not been pressured or coerced into pleading guilty and he was satisfied with the services of his counsel. Consequently, we are unpersuaded by defendant's claim that he was deprived of the effective assistance of counsel.

In any event, were we to assess counsel's representation on the record as a whole, we would find defendant's contention to be without merit. "[F]or counsel to be effective, he or she must provide meaningful representation as shown by an examination of the totality of the evidence, facts and law" (*People v Stevenson*, 58 AD3d 948, 949 [2009], *lv denied* 12 NY3d 860 [2009] [citations omitted]; *see People v Jackson*, 67 AD3d 1067, 1068 [2009], *lv denied* 14 NY3d 801 [2010]; *People v Chrysler*, 6 AD3d 812, 812-813 [2004]). The record discloses that counsel made appropriate pretrial motions, adequately represented defendant at the suppression hearing (*see People v Jackson*, 67 AD3d at 1068; *People v Stevenson*, 58 AD3d at 949-950; *People v Donaldson*, 1 AD3d 800, 801 [2003], *lv denied* 2 NY3d 739 [2004]) and, in light of the fact that defendant's statements to the police, including a confession, were not suppressed, "counsel's plea strategy might well have been pursued by any reasonably competent attorney" (*People v Babcock*, 304 AD2d 912, 913 [2003]). Finally, to the extent that defendant's claim pertains to information outside the record—including defendant's assertions regarding counsel's failure to adequately investigate the

1. Furthermore, inasmuch as there is no indication in the record before us that defendant moved to withdraw his plea or vacate his judgment of conviction, his assertion is also unpreserved for review on the present appeal (*see People v Buckler*, 80 AD3d at 890; *People v Jenks*, 69 AD3d 1120, 1121 [2010], *lv denied* 14 NY3d 841 [2010]). To the extent that defendant appears to have moved to vacate his judgment of conviction subsequent to its rendering, the direct appeal from the judgment of conviction presently before us is not the proper vehicle to raise issues regarding that motion and its disposition.

circumstances surrounding his case[2] and prepare for trial—his argument is more appropriately the subject of a CPL article 440 motion (*see People v McKeney*, 45 AD3d 974, 975 [2007]; *People v Donaldson*, 1 AD3d at 801).

Peters, J.P., Rose, Lahtinen and McCarthy, JJ., concur. Ordered that the judgment is affirmed.

2. Although the record does indicate that counsel did not retain the investigator authorized by County Court, we note that this reveals nothing about counsel's own investigations or lack thereof and, under the totality of the circumstances, counsel's decision not to retain an investigator did not deprive defendant of meaningful representation.