■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES L. CASSARA, Appellant. [931 NYS2d 272]—

Spain, J.

Defendant pleaded guilty to one count of driving while intoxicated (hereinafter DWI) as a class E felony (*see* Vehicle and Traffic Law § 1192 [2]; § 1193 [1] [c] [i]) in satisfaction of an indictment charging him with two counts of DWI, and waived his right to appeal. The charges followed defendant's arrest near the scene of a vehicular accident in the City of Gloversville, Fulton County, and a toxicology test revealing that defendant had a blood alcohol content of .17%. Defendant had a prior DWI conviction within the previous 10 years.* In accordance with the plea agreement, County Court sentenced defendant to 1 to 3 years of imprisonment—the minimum permissible sentence (*see* Penal Law § 70.00 [2], [3] [b])—with a consecutive sentence of three years of conditional discharge. Defendant now appeals.

We affirm. Defendant's sole assertion on appeal is that trial counsel was ineffective, specifically in failing to request a pretrial probable cause hearing challenging his arrest or a hearing seeking to suppress his statement to the arresting officer that he had consumed a "few" glasses of wine. Defendant, however, failed to move to withdraw his plea or vacate the judgment of conviction, rendering the issue unpreserved for our review (*see People v Wicks*, 83 AD3d 1223, 1224 [2011]; *People v De Berardinis*, 304 AD2d 914, 915 [2003], *lv denied* 100 NY2d 580 [2003]).

---

* Defendant's criminal record includes four felony and seven misdemeanor convictions.

Further, this contention survives defendant's valid waiver of the right to appeal only to the extent that counsel's alleged ineffectiveness impacted the voluntariness of his plea (*see People v Belle*, 74 AD3d 1477, 1480 [2010], *lv denied* 15 NY3d 918 [2010]; *People v Stokely*, 49 AD3d 966, 968 [2008]).

As the record demonstrates that defendant was fully apprised of the rights he was giving up by pleading guilty, including all of his constitutional rights to present a defense, no basis exists to find that defense counsel's decision not to request a *Dunaway* or *Huntley* hearing had any impact upon the knowing and voluntary nature of his plea (*see People v Parilla*, 8 NY3d 654, 659 [2007]; *People v De Berardinis*, 304 AD2d at 915; *People v Clifford*, 295 AD2d 697, 698 [2002], *lv denied* 98 NY2d 709 [2002]). Further, defendant's appearance, impaired motor skills, slurred speech, positive breath screening test and inability to pass multiple field sobriety tests suggest that a *Dunaway* hearing would have been futile (*see People v Kowalski*, 291 AD2d 669, 670 [2002]). Given the results of the toxicology test, it is highly unlikely that a *Huntley* hearing, even if successful, would have significantly altered defendant's perception of his chances at an acquittal were he to proceed to trial. Accordingly, we hold that defendant's contentions are barred by his waiver of the right to appeal (*see People v Santos-Rivera*, 86 AD3d 790, 791 [2011]; *People v Gentry*, 73 AD3d 1383, 1384 [2010]; *People v Leigh*, 71 AD3d 1288, 1288 [2010], *lv denied* 15 NY3d 775 [2010]; *People v Clark*, 52 AD3d 951, 952 [2008], *lv denied* 11 NY3d 831 [2008]; *People v McDuffie*, 43 AD3d 559, 560 [2007], *lv denied* 9 NY3d 992 [2007]).

Mercure, J.P., Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is affirmed.