(May 17, 2012)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE L. SANTANA, Appellant. [944 NYS2d 406]—

Spain, J. Appeal from a judgment of the County Court of Greene County (Lalor, J.), rendered May 25, 2010, convicting defendant upon his plea of guilty of the crimes of driving while intoxicated and aggravated unlicensed operation of a motor vehicle.

In satisfaction of a superior court information, defendant pleaded guilty to driving while intoxicated and aggravated unlicensed operation of a motor vehicle and waived his right to appeal. While County Court agreed to sentence defendant to a period of probation in accordance with the terms of the plea agreement, defendant was warned that the court was not bound by the plea agreement if he ran "afoul of the law" or did not appear for sentencing. Thereafter, defendant did not appear for sentencing and a bench warrant was issued. Upon defendant's return, the court sentenced him to concurrent prison terms of 1 to 3 years. Defendant now appeals.

Initially, we are not persuaded by defendant's contention that the waiver of the right to appeal was not knowing, intelligent and voluntary. The record establishes that County Court separately explained the rights encompassed by the appeal waiver, and defendant explicitly acknowledged that he understood and was freely waiving those rights (*see People v Tolliver*, 92 AD3d 1024 [2012]; *People v Thomas*, 81 AD3d 997, 998 [2011], *lv denied* 16 NY3d 900 [2011]).

Next, defendant's challenge to the voluntariness of his guilty plea is unpreserved for our review as the record indicates that he has failed to move to withdraw his plea or vacate the judg-

ment of conviction (*see People v Tolliver*, 92 AD3d at 1024). Furthermore, given the absence of any statement by defendant during the plea allocution casting doubt upon his guilt or negating an essential element of the crimes to which he pleaded guilty, the narrow exception to the preservation rule is inapplicable (*see id.*).

Defendant's assertion that County Court improperly imposed an enhanced sentence without affording him an opportunity to withdraw his plea is without merit as the record verifies that the court informed defendant during the plea colloquy of the maximum potential prison term and that it was not bound by the terms of the plea agreement in the event that defendant failed to appear for sentencing (*see People v Figgins*, 87 NY2d 840, 841 [1995]; *People v Thomas*, 81 AD3d at 998). Additionally, defendant's challenge to the severity of his enhanced sentence is foreclosed by his knowing, voluntary and intelligent waiver of his right to appeal (*see People v Small*, 82 AD3d 1451, 1452 [2011], *lv denied* 17 NY3d 801 [2011]).

Finally, to the extent that defendant's ineffective assistance of counsel claim impacts the voluntariness of his plea and survives his appeal waiver, it is nevertheless unpreserved as there is no indication in the record that defendant either moved to withdraw his plea or vacate the judgment of conviction (*see People v MacDonald*, 77 AD3d 989, 990 [2010], *lv denied* 15 NY3d 954 [2010]).

Peters, P.J., Lahtinen, Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is affirmed.