Stein, J.
While on probation, defendant was charged by indictment with two counts of rape in the third degree and one count of criminal sexual act in the third degree. Defendant pleaded guilty to the indictment and the probation violation the day before his trial was set to commence. The following day, County Court engaged in further colloquy with defendant to advise him that there would be a term of postrelease supervision included in any sentence imposed. Defendant affirmed his understanding of postrelease supervision and expressed his continued desire to plead guilty. County Court thereafter sentenced defendant to concurrent terms of 21/2 years in prison plus 10 years of post-release supervision on each of the indicted charges, as well as a consecutive term of three years in prison plus three years of postrelease supervision on the probation violation. Defendant now appeals and we affirm.
We reject defendant’s contention that he was not afforded an opportunity to withdraw his plea after County Court initially failed to inform him of the period of postrelease supervision. Under the facts of this case, we find that County Court satisfied its obligation to ensure that defendant had a full understanding of the consequences of the plea, including postrelease supervision, and that defendant’s plea was knowing and voluntary (see People v Catu, 4 NY3d 242, 244-245 [2005]; People v Cullen, 62 AD3d 1155, 1156-1157 [2009], lv denied 13 NY3d 795 [2009]; People v Brunelle, 47 AD3d 1067, 1067 [2008], lv denied 11 NY3d 786 [2008]; compare People v Thomas, 68 AD3d 1445, 1446-1447 [2009]). Defendant’s remaining contention, that he was denied the effective assistance of counsel, is not preserved for our review as the record before us fails to indicate that defendant moved to withdraw his plea or vacate the judgment of conviction (see People v Cassara, 88 AD3d 1069, 1069 [2011], lv denied 18 NY3d 956 [2012]; People v Mercer, 81 AD3d 1159, 1159 [2011], lv denied 19 NY3d 999 [2012]; People v Bolden, 78 AD3d 1419, 1420 [2010], lv denied 16 NY3d 828 [2011]).
Rose, J.P., Spain, Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is affirmed.