■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKLYN VERAS, Appellant. [959 NYS2d 463]—

Mercure, J.P. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered July 27, 2010, convicting defendant upon his plea of guilty of the crime of course of sexual conduct against a child in the first degree.

In satisfaction of a six-count indictment, defendant pleaded guilty to a single count of course of sexual conduct against a child in the first degree. He was thereafter sentenced, in accordance with the plea agreement, to a prison term of 15 years to be followed by 15 years of postrelease supervision. Defendant appeals, and we now affirm.

Initially, we agree with defendant that his waiver of the right to appeal was not valid inasmuch as County Court failed to adequately distinguish the right to appeal from those rights that are automatically forfeited upon a guilty plea (*see People v Bradshaw*, 18 NY3d 257, 264-265 [2011]; *People v Lopez*, 6 NY3d 248, 256-257 [2006]). Based upon the record before us, however, his ineffective assistance of counsel claim was not preserved by a motion to withdraw the plea or to vacate the judgment of conviction, and reversal is not warranted in the interest of justice (*see People v Lopez*, 74 AD3d 1498, 1499 [2010]; *see also People v Beltran*, 79 AD3d 1525, 1525-1526 [2010], *lv denied* 16 NY3d 828 [2011]). To the extent that his arguments in that regard involve matters outside the record, they are more properly the subject of a CPL article 440 motion (*People v Lopez*, 74 AD3d at 1499). Defendant's challenge to his sentence as harsh and excessive has been considered and found to be lacking in merit.

Rose, Lahtinen and Garry, JJ., concur. Ordered that the judgment is affirmed.