Egan Jr., J.
Appeal from a judgment of the County Court of Columbia County (Czajka, J), rendered July 14, 2010, convicting defendant upon his plea of guilty of the crime of grand larceny in the fourth degree.
Defendant waived indictment and agreed to be prosecuted by a superior court information charging him with grand larceny in the fourth degree. In conjunction with his plea of guilty to that charge, defendant signed a written document setting forth the conditions of the plea agreement, which included a waiver of the right to appeal and a joint sentencing recommendation of 2 to 4 years in prison. Defendant was advised of the maximum sentence that could be imposed, acknowledged that County Court had made “NO PROMISES WHATSOEVER” with respect to sentencing and agreed to pay restitution in the amount of $5,500, as well as the 5% surcharge. Defendant thereafter was sentenced, as a second felony offender, to IV2 to 3 years in *1250 prison—said sentence to run consecutively to the sentence imposed upon the Greene County conviction (People v Leone, 91 AD3d 981 [2012])—as well as the agreed-upon restitution and surcharge. Defendant appealed and his assigned counsel thereafter filed an Anders brief and moved to be relieved as counsel. This Court rejected the Anders brief, withheld decision and assigned new counsel (90 AD3d 1415 [2011]).
Initially, despite defendant’s execution of a written waiver of the right to appeal, we cannot find that he knowingly, intelligently and voluntarily waived his right to appeal because the record as a whole fails to demonstrate “a full appreciation of the consequences of such waiver” (People v Bradshaw, 18 NY3d 257, 264 [2011] [internal quotation marks and citation omitted]). Turning to defendant’s challenge to the voluntariness of his guilty plea, we find this claim to be unpreserved inasmuch as the record before us does not reflect that defendant moved to withdraw his plea or vacate the judgment of conviction (see People v Santana, 95 AD3d 1503, 1503-1504 [2012]). Furthermore, given that “defendant made no statements during the plea allocution that negated an element of the crime or otherwise called his guilt into question, this case does not fall within the narrow exception to the preservation requirement” (People v Thomas, 81 AD3d 997, 998 [2011], lv denied 16 NY3d 900 [2011]; see People v Santana, 95 AD3d at 1504).
Next, although defendant’s claim that the sentence imposed was harsh and excessive is properly before us, given all of the circumstances, including defendant’s lengthy criminal history, “we find no extraordinary circumstances nor abuse of discretion warranting a reduction of the sentence in the interest of justice” (People v Kime, 95 AD3d 1562, 1563 [2012]). Finally, contrary to defendant’s argument, inasmuch as he had not yet made restitution at the time of sentencing, County Court properly imposed—as part of the sentence—both the agreed-upon restitution and the mandatory surcharge (see People v Quinones, 95 NY2d 349, 352 [2000]; People v Salmans, 49 AD3d 961, 962 [2008]).
Mercure, J.E, Spain and McCarthy, JJ., concur.
Ordered that the judgment is affirmed.