■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v QUADEAN MORRISON, Appellant. [964 NYS2d 761]—

Garry, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered March 22, 2012, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.

In August 2011, a police officer in the Village of Monticello, Sullivan County found a gun inside the front door of a residence where defendant had been sitting on the porch. Defendant was indicted on several charges, including criminal possession of a weapon in the second degree, and he moved, among other things, to suppress his statements to police. A *Huntley* hearing was conducted, but before a decision was rendered, defendant entered a plea of guilty to one count of criminal possession of a weapon in the second degree, in satisfaction of the full indictment. As part of the plea agreement, defendant admitted to prior felony convictions and waived his right to appeal. He was sentenced to a term of seven years in prison followed by five years of postrelease supervision. Defendant appeals.

Initially, defendant challenges his waiver of the right to appeal, contending that all such waivers should be disregarded as contrary to the public interest in preserving due process of law. We disagree. This argument has previously been raised and rejected, as it is well settled that "[w]aiving one's right to appeal as part of a plea agreement is not inherently coercive or against public policy" (*People v Galietta*, 75 AD3d 753, 754 [2010]; *see People v Lopez*, 6 NY3d 248, 255 [2006]; *People v Seaberg*, 74 NY2d 1, 8-10 [1989]). Moreover, although defendant does not challenge the validity of his waiver, our review of the record confirms that his oral and written waiver of the right to appeal was knowing, intelligent and voluntary (*see People v Bradshaw*, 18 NY3d 257, 264-265 [2011]; *People v Griffin*, 100 AD3d 1153, 1153-1154 [2012], *lv denied* 20 NY3d 1011 [2013]).

---

Defendant's claim that his statements should have been suppressed is precluded by his waiver of the right to appeal (*see People v Kemp*, 94 NY2d 831, 833 [1999]; *People v Pump*, 67 AD3d 1041, 1041 [2009], *lv denied* 13 NY3d 941 [2010]), and also by his entry of a guilty plea before a ruling was rendered on his suppression motion (*see People v Fernandez*, 67 NY2d 686, 688 [1986]; *People v Adams*, 31 AD3d 1063, 1064 [2006], *lv denied* 7 NY3d 845 [2006]). His claim that his sentence is harsh and excessive is likewise barred, as his "valid waiver of the right to appeal includes waiver of the right to invoke [this Court's] interest-of-justice jurisdiction to reduce the sentence" (*People v Lopez*, 6 NY3d at 255; *see People v Schanz*, 82 AD3d 1417, 1417 [2011], *lv denied* 17 NY3d 800 [2011]).

Mercure, J.P., Lahtinen and McCarthy, JJ., concur. Ordered that the judgment is affirmed.