■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN MOREY, Appellant. [975 NYS2d 201]—

Spain, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered April 3, 2012, convicting defendant upon his plea of guilty of the crime of rape in the third degree.

In March 2011, defendant, represented by retained counsel, executed a waiver of indictment and entered a guilty plea to a superior court information (hereinafter SCI) charging him with rape in the third degree, admitting the allegation that he had sexual intercourse with a female who was under age 17. Pursuant to the plea agreement, defendant waived his right to appeal and was promised a split sentence of six months in jail and 10 years of probation. Defendant subsequently moved pro se to withdraw his guilty plea; thereafter, County Court granted retained counsel's motion to be relieved and assigned the Public Defender, who also moved to withdraw the plea, based upon defendant's contention that his plea had been coerced and that he was not guilty. After repeated adjournments, the court denied defendant's motion to withdraw his guilty plea and imposed the agreed-upon sentence. Defendant now appeals.

Upon review of the record, we find that, contrary to defendant's claim, his guilty plea and waiver of appeal were knowingly, voluntarily and intelligently entered (*see People v Brown*, 14 NY3d 113, 116 [2010]; *People v Hill*, 9 NY3d 189, 191 [2007], *cert denied* 553 US 1048 [2008]; *People v Lopez*, 6 NY3d 248, 256 [2006]). County Court clearly outlined the terms of the plea agreement, explained the trial-related rights that defendant would be foregoing if he were to enter a guilty plea and elicited

defendant's understanding of the consequences of a guilty plea; defendant indicated he had not been coerced, and the court confirmed that defendant had discussed the proof and possible defenses with counsel and was entering a plea because he was, in fact, guilty of the charged conduct. Defendant then admitted the recited allegations contained in the SCI. The court separately explained the right to appeal and distinguished it from the other rights that defendant was foregoing as a consequence of his plea, and defendant confirmed his understanding thereof and, after reviewing the written appeal waiver with counsel, signed it in open court (*see People v Bradshaw*, 18 NY3d 257, 264-265 [2011]). The foregoing amply established the validity of defendant's guilty plea and appeal waiver and the court properly denied defendant's motion to withdraw his plea (*see id.*; *People v Galvan*, 107 AD3d 1058, 1058-1059 [2013], *lv denied* 21 NY3d 1042 [2013]; *People v Martin*, 105 AD3d 1266, 1267 [2013]).

Defendant's contention that his plea was involuntary—while surviving his valid appeal waiver (*see People v Revette*, 102 AD3d 1065, 1065 [2013]) and preserved by his motion to withdraw his guilty plea (*see People v Wyant*, 47 AD3d 1068, 1069 [2008], *lv denied* 10 NY3d 873 [2008])—is belied by the record before us. His claim to feeling pressured to accept the plea agreement amounts to the type of "situational coercion" faced by many defendants offered a plea deal, and it does not undermine the voluntariness of his guilty plea or appeal waiver (*People v Seaberg*, 74 NY2d 1, 8 [1989] [internal quotation marks and citation omitted]; *see People v Good*, 83 AD3d 1124, 1125 [2011], *lv denied* 17 NY3d 816 [2011]). His challenges to the factual sufficiency of the plea colloquy and to the severity of the agreed-upon sentence are foreclosed by his valid appeal waiver (*see People v Lopez*, 6 NY3d at 255-256; *People v Stokely*, 49 AD3d 966, 968 [2008]). Moreover, defendant specifically indicated during the plea colloquy that he understood and had discussed with counsel the possible pretrial hearings, and expressly waived issues pertaining to any motions that counsel had made or could make. This, along with his valid appeal waiver, effectively waived his present claim that a *Huntley* hearing should have been held to determine the admissibility of his statements to police, which are not contained in the record on appeal (*see People v Morrison*, 106 AD3d 1201, 1201-1202 [2013]; *see also People v Fernandez*, 67 NY2d 686, 688 [1986]).

To the extent that defendant makes arguments regarding what his retained counsel advised him, what counsel investigated or prepared, and whether counsel pressured or coerced him, they are unsupported or contradicted by the record and, in

part, concern matters outside the record and, as such, are more properly raised in a CPL article 440 motion to vacate the judgment (*see People v Willi*, 80 AD3d 884, 885 [2011], *lv denied* 16 NY3d 900 [2011]). Finally, defendant's valid appeal waiver precludes his claim that his counsel at the time he entered the guilty plea was ineffective, except insofar as such claim impacts the voluntariness of his plea (*see People v Leigh*, 71 AD3d 1288, 1288 [2010], *lv denied* 15 NY3d 775 [2010]). Defendant's claim on appeal that counsel failed to make pretrial rulings does not appear to implicate the voluntariness of his guilty plea and is, thus, precluded (*see People v Gentry*, 73 AD3d 1383, 1384 [2010]; *People v McDuffie*, 43 AD3d 559, 560 [2007], *lv denied* 9 NY3d 992 [2007]). In any event, defendant has not, on this record, made any showing that he had a viable defense to the charges or a colorable claim for suppression (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *contrast People v Carnevale*, 101 AD3d 1375, 1378-1380 [2012]); he has also failed to demonstrate the absence of a strategic reason or other legitimate explanations for counsel's decision to not pursue *Huntley* relief (*see People v Rivera*, 71 NY2d at 709). Counsel secured a favorable plea deal with a minimal sentence, and we find no support for defendant's claimed denial of meaningful representation (*see People v Caban*, 5 NY3d 143, 152 [2005]; *People v Benevento*, 91 NY2d 708, 713-714 [1998]). Defendant's remaining claims also lack merit.

Rose, J.P., Lahtinen and Garry, JJ., concur. Ordered that the judgment is affirmed.