Garry, J.
Appeal from a judgment of the County Court of Broome County (Cawley, J.), rendered July 6, 2011, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a weapon in the second degree.
*1067 In October 2009, defendant’s parole officer made an unannounced home visit to defendant’s apartment in the City of Binghamton, Broome County. After a delay of several minutes, defendant answered the door, accompanied by a young child. The officer followed the child to a back bedroom where he observed in plain view packages of what appeared to be marihuana.* The child told the officer that defendant had put the marihuana in the room and, pointing toward a bag or satchel, stated that defendant had also placed it in the room before letting the officer into the apartment. The officer looked into the satchel, saw a gun and contacted police. The satchel was later found to contain marihuana, crack cocaine and ammunition. Marihuana was also found in the kitchen.
Defendant was arrested and charged with various crimes arising from his possession of drugs and a weapon. Following a suppression hearing, but before County Court had rendered a decision on defendant’s underlying suppression motion, he pleaded guilty to attempted criminal possession of a weapon in the second degree in full satisfaction of the four-count indictment. In exchange for his plea, defendant was sentenced as a second felony offender to a prison term of five years followed by five years of postrelease supervision. Defendant appeals.
As the record before us fails to indicate that defendant moved to withdraw his plea or vacate the judgment of conviction, he has failed to preserve his contention that his guilty plea was not knowing, voluntary and intelligent (see People v White, 104 AD3d 1056, 1056 [2013], lv denied 21 NY3d 1021 [2013]; People v Teele, 92 AD3d 972, 972 [2012]). The exception to the preservation requirement does not apply, as nothing in the plea colloquy called defendant’s guilt into question; his statements established that he attempted to possess a gun in a place that was not his home or business and, contrary to his contention, his intent to use the gun unlawfully was not an element of the crime to which he pleaded guilty (see Penal Law §§ 110.00, 265.03 [3]; People v Leone, 105 AD3d 1249, 1250 [2013], lv denied 21 NY3d 1017 [2013]; People v Thomas, 81 AD3d 997, 998 [2011], lv denied 16 NY3d 900 [2011]).
Defendant’s right to challenge the legality of the search was forfeited by the entry of his guilty plea before a ruling was rendered on his suppression motion (see CPL 710.70 [2]; People v Fernandez, 67 NY2d 686, 688 [1986]; People v Buckler, 80 AD3d 889, 890 [2011], lv denied 17 NY3d 804 [2011]; People v Adams, 31 AD3d 1063, 1064-1065 [2006], lv denied 7 NY3d 845 *1068 [2006]). Finally, defendant contends that the indictment was defective in that the claim that he exercised dominion and control over the gun, thus constructively possessing it, is inconsistent with the claim that he did not possess the gun in his home. As this contention is, in effect, a challenge to the sufficiency of the evidence before the grand jury, it is also precluded by his guilty plea, in which — as previously noted — defendant unequivocally acknowledged that he attempted to possess the gun in a place that was not his home (see People v Hansen, 95 NY2d 227, 232 [2000]; People v Herringshaw, 83 AD3d 1133, 1134 [2011]; People v Melendez, 48 AD3d 960, 960 [2008], lv denied 10 NY3d 962 [2008]).
Rose, J.E, Stein and McCarthy, JJ , concur. Ordered that the judgment is affirmed.

 This back bedroom was occupied by the child and his mother, while defendant resided in a different room.