Third Department, June, 2014

(June 5, 2014)

■ The People of the State of New York, Respondent, v Raul Santiago, Appellant. [986 NYS2d 361]—Egan Jr., J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered March 15, 2012, convicting defendant upon his plea of guilty of the crime of attempted rape in the first degree.

Defendant was indicted and charged in November 2011 with burglary in the second degree and attempted rape in the first degree. Prior thereto—and having previously been indicted for failing to register as a sex offender—defendant rejected an offer to plead guilty to sexual abuse in the first degree in exchange for a prison sentence of three years followed by eight years of postrelease supervision to resolve all pending charges. Subsequently, defendant pleaded guilty to attempted rape in the first degree in satisfaction of the two indictments, as well as a violation of conditional discharge, and thereafter was sentenced as a second felony offender to a negotiated term of five years in prison followed by eight years of postrelease supervision. Defendant now appeals.

We affirm. Defendant's sole contention on appeal is that he received ineffective assistance of counsel by virtue of defense counsel's failure to inform him of the initial plea offer or to recommend that he accept the offer. Such argument, however, is unpreserved for our review absent evidence of an appropriate

postallocution motion (*see People v Beach*, 115 AD3d 1117, 1118 [2014]; *People v Trombley*, 115 AD3d 1114, 1114 [2014]). Additionally, in the absence of any statements during the plea allocution that would cast doubt upon defendant's guilt, the narrow exception to the preservation requirement is inapplicable (*see People v Ladieu*, 105 AD3d 1265, 1265-1266 [2013], *lv denied* 21 NY3d 1017 [2013]; *People v White*, 104 AD3d 1056, 1056 [2013], *lv denied* 21 NY3d 1021 [2013]). Finally, to the extent that defendant's claim involves matters outside the record, this argument is more properly the subject of a CPL article 440 motion (*see People v Morey*, 110 AD3d 1378, 1379-1380 [2013]; *People v Veras*, 103 AD3d 984, 985 [2013], *lv denied* 21 NY3d 947 [2013]).

Lahtinen, J.P., McCarthy, Rose and Lynch, JJ., concur. Ordered that the judgment is affirmed.