██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN A. OTTO, Appellant. [50 NYS3d 634]—

Mulvey, J. Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered May 28, 2015, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

In October 2014, defendant was charged by indictment with two counts of criminal possession of a controlled substance in the third degree, one count of criminal possession of marihuana in the fourth degree and one count of endangering the welfare of a child. Defendant thereafter pleaded guilty to criminal possession of a controlled substance in the third degree and was sentenced to six months in jail, with five years of probation.

On appeal, defendant contends that County Court erred in failing to suppress the physical evidence (cocaine and marihuana) seized by the police because the seizure arose from an illegal detention following a traffic stop. Defendant filed an omnibus motion in December 2014, and a *Huntley* hearing was held on February 19, 2015 to determine the admissibility of defendant's statements to the police. County Court issued a decision and order on February 23, 2015, which made no ruling with regard to the admissibility of the physical evidence. The People made a plea offer on March 25, 2015, and defendant entered a guilty plea on March 26, 2015 and was sentenced on May 28, 2015. We find that defendant forfeited his right to appellate review regarding the suppression issue because he entered his guilty plea before County Court rendered its decision on the motion to suppress the physical evidence (*see People v Rodriguez*, 118 AD3d 1182, 1182-1183 [2014], *lv denied* 24 NY3d 964 [2014]; *People v Brabham*, 112 AD3d 1066, 1067 [2013]; *People v Morrison*, 106 AD3d 1201, 1202 [2013], *lv denied* 23 NY3d 1065 [2014]).

Peters, P.J., Lynch, Rose and Devine, JJ., concur. Ordered that the judgment is affirmed.