Devine, J.
 

 Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered January 30, 2014, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the third degree (two counts).
 

 In July 2012, defendant was charged by felony complaint with crimes after crack cocaine and drug paraphernalia were recovered from his vehicle during a traffic stop. He was represented by the Ulster County Public Defender’s office and, two months later, an Assistant Public Defender executed a revocable waiver of defendant’s speedy trial rights in order to engage in plea negotiations. In January 2013, an indictment was handed up that charged defendant with various offenses and the People declared readiness for trial.
 

 Defendant thereafter retained new counsel and rejected a plea offer to resolve the charges against him. Defendant also moved to dismiss the indictment on speedy trial grounds which, based upon the speedy trial waiver executed by former counsel, was denied. The ensuing jury trial ended with defendant’s conviction of two counts of criminal possession of a controlled substance in the third degree. County Court sentenced him, as a second felony offender, to an aggregate prison term of eight years to be followed by three years of postrelease supervision. Defendant appeals, and we now affirm.
 

 Defendant’s arguments on this appeal relate to alleged deficiencies in the performance of counsel. Former counsel embraced a valid strategy of waiving defendant’s speedy trial rights in order to engage in plea negotiations, and “[t]he People [were] entitled to rely on counsel’s apparent authority to act on defendant’s behalf and delay their case” (People v Garcia, 33 AD3d 1050, 1052 [2006], lv denied 9 NY3d 844 [2007]; see People v McCorkle, 67 AD3d 1249, 1250 [2009]). Defendant notes that another Assistant Public Defender kept the possibility of a future speedy trial objection open by refusing to consent to adjournments sought and obtained by the People before Justice Court (compare CPL 30.30 [4] [b]). Contrary to defendant’s contention, there was nothing objectively inconsistent in executing a speedy trial waiver while also objecting to delays that, if they persisted beyond a potential revocation of that waiver, would be chargeable to the People. Defendant therefore failed to “demonstrate the absence of strategic or other legitimate explanations for counsel’s failure” as is required to “overcome the strong presumption that defense counsel rendered effective assistance” (People v Ambers, 26 NY3d 313, 317 [2015] [internal quotations marks and citations omitted]; see People v Bond, 110 AD3d 1366, 1367 [2013], lv denied 22 NY3d 1197 [2014]).
 

 Defendant further asserts that defense counsel was ineffective in failing to advise him of the advantages and disadvantages of accepting a proposed plea agreement as opposed to proceeding to trial. The record shows that defendant was made aware of the offer by former counsel, that an adjournment was granted so that defense counsel could, among other things, consider it, and that defendant then rejected it. Inasmuch as there is no record proof as to what defendant was (or was not) advised prior to rejecting the plea offer, his contention must be raised in a CPL article 440 motion (see People v Dubois, 150 AD3d 1562, 1564 [2017]; People v Santiago, 118 AD3d 1032, 1032-1033 [2014]).
 

 McCarthy, J.P., Lynch, Clark and Pritzker, JJ., concur.
 

 Ordered that the judgment is affirmed.