People v Abreu (2019 NY Slip Op 07883)





People v Abreu


2019 NY Slip Op 07883


Decided on November 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-02577
 (Ind. No. 457/17)

[*1]The People of the State of New York, respondent,
v
Fabio E. Abreu, appellant.


Janet E. Sabel, New York, NY (Harold V. Ferguson, Jr., of counsel), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Ellen C. Abbot, and Eugene J. Dirks of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (John B. Latella, J.), rendered January 10, 2018, convicting him of criminal mischief in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which was to suppress physical evidence and his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
The defendant was charged with various crimes arising from his possession of marijuana, engaging in graffiti, and possessing graffiti instruments. He moved, inter alia, to suppress spray paint cans and a sticker found inside his backpack, as well as his statements to police officers after his arrest, arguing that there were no exigent circumstances that would permit the warrantless search of his backpack and that his statements were the fruit of the unlawful search. After a hearing, those branches of his motion were denied. The defendant pleaded guilty to criminal mischief in the second degree in exchange for the Supreme Court's conditional promise to impose a particular sentence. As part of the plea agreement, the defendant waived his right to appeal.
The defendant's unrestricted waiver of his right to appeal was knowing, voluntary, and intelligent, and bars review of the defendant's claim that the Supreme Court erred in denying those branches of his omnibus motion which were to suppress the physical evidence recovered from him and his statements to the police officers who arrested him (see People v Muniz, 91 NY2d 570; People v Perry, 164 AD3d 525; People v Simmons, 113 AD3d 420; People v Morey, 110 AD3d 1378).
MASTRO, J.P., DILLON, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court