People v Woods (2021 NY Slip Op 06394)





People v Woods


2021 NY Slip Op 06394


Decided on November 18, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 18, 2021

111532
[*1]The People of the State of New York, Respondent,
v
Lee Woods, Appellant.

Calendar Date:October 14, 2021

Before:Garry, P.J., Egan Jr., Aarons, Reynolds Fitzgerald and Colangelo, JJ.

Barrett D. Mack, Albany, for appellant.
J. Anthony Jordan, District Attorney, Fort Edward (Taylor Fitzsimmons of counsel), for respondent.



Colangelo, J.
Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered March 1, 2019, convicting defendant upon his plea of guilty of the crime of aggravated harassment of an employee by an inmate.
Defendant, an incarcerated individual, was indicted on three counts of aggravated harassment of an employee by an inmate for allegedly throwing urine on correction officers on two separate occasions. Defense counsel moved to suppress an alleged voluntary statement made by defendant to one of the correction facility employees involved in one of the incidents. Prior to the commencement of that Huntley hearing, defense counsel negotiated a plea agreement whereby the People agreed that defendant would plead guilty to one count of the indictment and, in lieu of the suppression hearing, be sentenced to 1½ to 3 years in prison to run consecutively to the undischarged sentence he was currently serving. Thereafter, defendant pleaded guilty to aggravated harassment of an employee by an inmate and was sentenced, as a second felony offender, in accordance with the terms of the plea agreement. Defendant appeals.
Defendant contends that defense counsel was ineffective for not pursuing the Huntley hearing prior to defendant pleading guilty. Defendant's contention is unpreserved for our review absent a motion to withdraw his plea or vacate the judgment of conviction (see People v Cassara, 88 AD3d 1069, 1069 [2011], lv denied 18 NY3d 956 [2012]; People v Stevenson, 58 AD3d 948, 949 [2009], lv denied 12 NY3d 860 [2009]). In any event, any challenge to defense counsel's motion practice was forfeited by defendant's guilty plea (see People v Coates, 167 AD3d 1161, 1161 [2018]; People v Gorman, 165 AD3d 1349, 1350 [2018], lv denied 32 NY3d 1125 [2018]). To the extent that defendant challenges the severity of the sentence imposed, we note that the agreed-upon sentence cannot be considered harsh and excessive because he received the minimum legally permissible sentence, as a second felony offender, for this class E felony offense (see Penal Law §§ 70.02 [3] [e]; [4] [b]; 240.32; see e.g. People v Terpening, 79 AD3d 1367, 1368 [2010], lv denied 16 NY3d 837 [2011]).
Garry, P.J., Egan Jr., Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.